## WALKER *vs.* WATSON.

Conveyance of a slave to J. R. W., "for the use of W. M. W.," (a minor and an orphan, whose guardian was C. W.,) with a limitation over, "in the event of W. M. W. dying without child or children." *Held :* That the guardian, C. W., was entitled to the possession of the slave as against J. R. W., the trustee, the trust being executed, and the possession following the use.

Trover, in Mitchell Superior Court. Tried before Judge HANSELL, at the November Term, 1860.

The question presented for adjudication in this case arises out of the following state of facts, to-wit:

On the 11th day of May, 1858, Jacob Watson executed a deed, which was duly attested and recorded, of which the following is a copy :

"GEORGIA, BAKER COUNTY.

*Whereas,* I loaned to my son, Willis M. Watson, in his life-time, a negro girl named Hannah, then eight or nine years old, now about sixteen or seventeen years old, and never having reclaimed the possession of said negro girl, but allowing her to remain in my said son's possession until his death, and since, in the possession of his widow, for the benefit of her and her child, my grandson ; now, in consideration of the love and regard which I have for my grandson, Willis M. Watson, only child and son, of my son, Willis M. Watson, deceased, I have given and granted, and do hereby give and grant, unto my son, James R. Watson, for the use of my grandson, Willis M. Watson, the said negro girl Hannah and her increase; and in the event of my grandson dying without child or children, the said negro girl Hannah and her increase

to go to, and belong to, my children living, and the repre-
sentatives of such of my children as may be dead ; but if the
said Willis M. Watson dies leaving child or children, then
to his heirs forever."

Clement W. Walker was duly appointed the guardian of
the person and property of the said Willis M. Watson, who
was a minor, and as such guardian, had possession of said
negro girl mentioned in the deed.

James R. Watson demanded the possession of the negro
girl from Walker, who refused to give her up, and Watson
brought this action to recover said negro and her hire.

The presiding Judge decided, "That the deed vested the
legal title to the negro in dispute in James R. Watson, the
trustee, and that he was entitled to recover the negro and
her hire, as against Walker, the guardian."

A verdict and judgment were rendered in accordance with
the decision, and the plaintiff in error seeks by his writ to
reverse the judgment, on the ground that the decision of the
Judge was error.

SLAUGHTER & ELY, for plaintiff in error.

VASON & DAVIS, *contra.*

*By the Court.*—JENKINS, J., delivering the opinion.

The property in dispute was conveyed by deed to the plain-
tiff, in the Court below, " for the use of Willis M. Watson,"
a minor and an orphan, with a limitation over, " in the
event of the said Willis M. dying without child or children."
The plaintiff in error, (defendant below,) is the guardian of
the usee, and in that character held the property, and upon
that title alone, defended the action.

The Court below held " that the deed vested the legal title
to the negro in James R. Watson, the trustee, and that he
was entitled to recover the negro and her hire, as against
Walker, the guardian."

The case of Bowman, executor and trustee, vs. Long, 26
Ga. R., 143, differs from this case only in two particulars :

1st. In that case, the property was given by will. 2d. There, the event upon which the limitation over depended, was the death of the usee under the age of twenty-one years.

This difference does not affect the principle involved. Both cases turn upon the questions, whether or not the trust is executed, and if so, whether or not the law transfers the use into possession, or rather, makes the possession follow the use.

In Bowman vs. Long, this Court held the affirmative on both questions, and maintained the possessory right of the guardian, against the party claiming as trustee. Following that decision, we hold that the Court below erred, and reverse the judgment.

Judgment reversed.