## THOMAS *et al. v.* OWENS, executor, *et al.*

A testatrix executed the following will and codicil: "Item first: I devise and bequeath to my sister, Margaret W. Thomas, my interest in the family residence in Savannah, Georgia, and to her heirs. I devise and bequeath to my said sister for life my interest in Guinas plantation, Habersham county, Georgia, and on her death I devise and bequeath my said interest in said plantation to my niece, Mary B. Thomas, and her heirs. I bequeath to my said sister my interest in the furniture, plate, china, and glass, in the family residence in Savannah and in the residence at Guinas, and all my furniture, plate, glass, and china, saving and excepting such pieces as I may make disposition of by any memorandum left attached to or with this will. Item second: I devise and bequeath to my grandnephews, Paul T. Haskell Jr., and Langdon Haskell, and to the survivor of them, my interest in the residence, 122 State street east, Savannah, Georgia, lately occupied by their mother, Mary Wallace Haskell, and now occupied by them. Item third: The rest and residue of my estate of whatever kind, which I may own at the time of my death, I desire to be divided by my executors hereinafter named, as I now direct, and which I devise and bequeath as follows: One half of the same to my sister, Margaret W. Thomas and her heirs; one fourth of the same to my nieces, Lizzie Munnerlyn, Margaret and Julia Owens; one fourth of the same to my niece, Mary Anderson Owens [for] life, or so long as she shall remain unmarried. In the event of her marriage, I direct my executors to pay over to her one fourth of said share, and to divide the remainder equally between her sister, Lila C. Carmichael, and her brothers, Benjamin L. Owens and John W. Owens. In the event of her death without having

married, I direct my executors to pay over her share to her said sister and brothers. Item fourth: I direct that any memoranda attached to or enclosed with this will making specific bequests be considered a part and parcel of it, and shall be carried out as fully as if incorporated in it. Item fifth: I nominate and appoint as my executors, Margaret W. Thomas and my nephew, George W. Owens, and authorize and direct them, or either of them, to sell and dispose of my property at public or private sale, as may be deemed best, and to reinvest the proceeds of sale in such property as may be deemed to the best interests of my estate, without any order of court being applied for or had for said sales or investments." Codicil: "I republish and reaffirm said will, save and except that I direct that my estate shall not be divided during the lifetime of my sister, Margaret W. Thomas, but shall be held together until her death. I bequeath to my said sister, Margaret W. Thomas, the income from my estate during her life, and on her death direct that said estate be divided as devised and directed in my will last mentioned." *Held*:

1. The devise to Margaret W. Thomas in item 3 was a devise to her in fee simple, and was not reduced to a life-estate by the codicil.

2. A life-estate for Margaret W. Thomas was carved out of the estates devised to the other legatees.

3. There being no debts, Margaret W. Thomas is entitled to have possession of the estate of the testatrix from the executor.

4. Upon the death of Margaret W. Thomas, all the property not devised to her in fee is to be divided among the other legatees in the manner indicated in the will.

Argued January 6,—Decided August 12, 1908.

Petition for direction. Before Judge Cann. Chatham superior court. February 2, 1907.

Margaret W. Thomas, as executrix of Mary W. Owens and individually, and Mary B. Thomas and Margaret G. Thomas, daughters of Margaret W. Thomas, brought their petition against George W. Owens, executor, and certain other defendants named as legatees in the will of Mary W. Owens, praying a construction of the will and codicil of Mary W. Owens, and asking for direction. The headnote contains a copy of the material parts of the will and codicil attached to the petition. The several defendants answered. By consent the case was heard by the court without a jury. On the trial it appeared that the bequests in the first item of the will were not in dispute. Certain evidence, relating to the circumstances attending the execution of the codicil and the character of the estate in posssession of the executors, was introduced. The court rendered the following decree: It is decreed "that the intention of the testatrix, Mary W. Owens, as clearly

expressed in her will, as modified by the codicil thereto, both to the court now submitted for construction, is that the estate left by her is not to be divided until the death of her sister, Margaret W. Thomas, the plaintiff executrix; and the court so finds and decrees. 2. That during the lifetime of the said Margaret W. Thomas the said estate is to be kept together by the representatives named in said will in trust: (*a*) To pay the net income thereof unto the said Margaret W. Thomas during the term of her natural life. (*b*) To divide the said estate among those entitled thereto, and in the proper proportions, at the death of the said Margaret W. Thomas. 3. That the executrix, Margaret W. Thomas, and the executor, George W. Owens, have authority under said will, and are directed so to do, to sell any of the property of said estate at public or private sale as may be deemed best by them, and to reinvest the proceeds of any such sale as they may deem best for the interests of the said estate. 4. That the said Margaret W. Thomas is not individually and in her own right entitled in fee simple to a one-half interest in the residue of said estate mentioned in the third item of said will, and is not now entitled to receive the same from the representatives of said estate, the codicil having changed the interest of the said Margaret W. Thomas from a fee simple in said one-half of said residue to a usufruct in the net income in the said one-half interest, to be paid unto her during the term of her natural life by said representatives, the corpus not being payable to her but to be held by said representatives in trust for the persons hereinafter named in connection therewith. 5. That the words, 'her heirs,' in item third of the will, as referring to the heirs of Margaret W. Thomas, mean the children of Margaret W. Thomas living at the time of the death of the testatrix, and the said children, Mary B. Thomas and Margaret G. Thomas, petitioners, take the one-half interest in the residue, which under the will as unmodified by the codicil would have gone to their mother, by way of executory devise or legacy in fee simple at the death of their mother. 6. That the said Margaret W. Thomas is entitled under said will, as modified by said codicil, not only to the usufruct of the net income of the residue of said estate as described in item third of the will, but also of the net income of the one-fifth interest owned by the testatrix in the premises known as number 122 State street, Savannah, Ga., de-

scribed in item two of said will, to be paid over to her by said representatives. 7. That under the said will as modified by said codicil, Paul T. Haskell, the junior, and Langdon Haskell, the grandnephews of the testatrix named in item two of said will, take by way of executory devise a fee-simple interest in the one-fifth interest owned by the testatrix in said premises, number 122 State street, Savannah, Ga., the enjoyment of which is postponed until the death of the said Margaret W. Thomas. 8. That of the residue of the said estate referred to in item third of said will, the following distribution results at the proper time, as herein stated: (a) Lizzie Munnerlyn, Margaret W. Owens, and Julia Owens take by way of executory devise or legacy, as the case may be, together a fee-simple interest in one fourth of the residue of said estate, the enjoyment thereof being postponed until the death of the said Margaret W. Thomas; the heirs of the said first-named persons taking per stirpe. (b) Mary Anderson Owens takes by way of executory devise or legacy, as the case may be, a life-interest in another fourth of the said residue, the said estate beginning at the death of the said Margaret W. Thomas, subject to a failure or divestiture should she, the said Mary Anderson Owens, die or marry. In either event, the said one-fourth interest in said residue goes by way of executory devise or legacy, as the case may be, in fee simple to Lila C. Carmichael, Benjamin L. Owens, and John D. Owens, per capita, or to their heirs, per stirpe. The remaining moiety of said residue goes as already hereinbefore decreed. This decree is not concerned with the property mentioned in the first item of said will, that having been amicably adjusted among the parties at interest before the submission of said will and codicil to the court for construction, and the construction of the court thereon not being invited." The plaintiffs except to the decree and the construction of the court placed on the will.

*William L. Clay,* for plaintiffs. [Omitting authorities cited in the opinion, infra.] No trust implied from bequest of personalty for life, with remainder over: Civil Code, §§ 5, 3080, 3096, 3105, 3111, 3156, 3157; *McGinnis* v. *Foster,* 4 *Ga.* 377, 382; *Vickers* v. *Stone,* Ib. 461; *Williamson* v. *Wilkins,* 14 *Ga.* 418; *Wade* v. *Powell,* 20 *Ga.* 648; *Russell* v. *Kearney,* 27 *Ga.* 96; *Pool* v. *Morris,* 29 *Ga.* 374; *Philips* v. *Crews,* 65 *Ga.* 274; *Kile* v. *Fleming,* 78 *Ga.* 1; 1 Story's Eq. Jur. § 604; In re Garrity, 38 Pac. 630, 41 Pac. 485;

Cook *v.* Collier,. 62 S. W. 658; Camp case, 126 N. Y. 384. Distinguishing *Thornton* v. *Burch,* 20 *Ga.* 792, and *Chisholm* v. *Lee,* 53 *Ga.* 612, 56 *Ga.* 129. Massachusetts rule, under Saunderson *v.* Stearn, 6 Mass. 37, founded on different conditions of law: Civil Code, §§ 3080, 3156, 3157 par. 5; *Kirkpatrick* v. *Davidson,* 2 *Ga.* 301; *Gray* v. *Gray,* 20 *Ga.* 808; *Woodruff* v. *Saul,* 70 *Ga.* 271; *Fleming* v. *Hughes,* 99 *Ga.* 448; *Charleston R. Co.* v. *Miller,* 113 *Ga.* 15; 16 Cyc. 609; 3. Pom. Eq. Jur. (3d ed.) 1824; Homer *v.* Shelton, 2 Met. (Mass:) 194.

No trust implied, and life-tenant not deprived of possession: *Wiley* v. *Smith,* 3 *Ga.* 551; *Bull* v. *Walker,* 71 *Ga.* 200; *Glover* v. *Stamps,* 73 *Ga.* 209; *Knorr* v. *Raymond,* Ib. 749; *Carswell* v. *Lovett,* 80 *Ga.* 41; *DeVaughn* v. *McLeroy,* 82 *Ga.* 687; *McDonald* v. *McCall,* 91 *Ga.* 304; *Woodward* v. *Stubbs,* 102 *Ga.* 188; *Parrott* v. *Dyer,* 105 *Ga.* 97; *Allen* v. *Hughes,* 106 *Ga.* 783; *Ellis* v. *Gray,* 110 *Ga.* 611; Hill *v.* Jones, 65 Ala. 220; L'Hommedieu, 138 Fed. 606, 146 Fed. 708; Sugden on Powers, 106-111; Story's Eq. Jur. § 1070; Perry on Trusts (5th ed.) 373; 2 Wash. Real Prop. (2d ed.) § 417.

Express trust would be executed, and life-tenant entitled to possession: *Ford* v. *Gill,* 109 *Ga.* 699; *Tillman* v. *Banks,* 116 *Ga.* 252; *Thompson* v. *Saunders,* 118 *Ga.* 930; *DeLoney* v. *Hull,* 128 *Ga.* 177. Decisions inapplicable: *Edmondson* v. *Dyson,* 2 *Ga.* 320; *Riggins* v. *Adair,* 105 *Ga.* 727; *Johnson* v. *Cook,* 122 *Ga.* 524; *Smith* v. *McWhorter,* 123 *Ga.* 291; *Middlebrooks* v. *Ferguson,* 126 *Ga.* 237.

Devise of fee-simple estate under item 3, and right to immediate possession, not impaired or revoked by codicil: 2 Bl. Com. *107; 1 Wash. Real Prop. (2d ed.) §§ 85, 147; 1 Jar. Wills (6th ed.) *137, *139, *145, *439; 6 Am. & Eng. Enc. L. (2d ed.) 183; Quincy *v.* Rogers, 64 Mass. 295; Holden *v.* Blaney, 119 Mass. 424; Goodwin *v.* Coddington, 48 N. E. 729; Roseboom *v.* Roseboom, 81 N. Y. 356; Freeman *v.* Hoyt, 96 N. Y. 63; Holdfast *v.* Pardoe, 2 Wm. Bl. 975.

General intent prevails: 2 Woer. Adm. (2d ed.) § 416; *Olmstead* v. *Dunn,* 72 *Ga.* 856; Civil Code, § 3106.

Devise of remainder, if to heirs, vested in life-tenant's children living at death of testatrix: Civil Code, §§ 3084, 3104; *Wood* v. *McGuire,* 15 *Ga.* 203; *Legwin* v. *McRee,* 79 *Ga.* 430; *Wilkinson*

v. *Clark*, Ib. 372; *Crawley* v. *Blackman*, 81 *Ga.* 776; *Shipp* v. *Gibbs*, 88 *Ga.* 184; *Brown* v. *Brown*, 97 *Ga.* 539; *Crawley* v. *Kendrick*, 122 *Ga.* 187. By pleadings they released to life-tenant any right as remaindermen; *Rakestraw*, 70 *Ga.* 807.

Executor may not withhold assent to devise: Civil Code, §§ 3319, 3320; *Coleman* v. *Lane*, 26 *Ga.* 519; *McCrary* v. *Gewinner*, 103 *Ga.* 538; *Johnson* v. *Porter*, 115 *Ga.* 404.

*Walter G. Charlton*, for defendants. [Omitting citations already given.] Intention: Civil Code, § 3324; *Cook* v. *Weaver*, 12 *Ga.* 50. Corpus does not follow income where intention of testatrix is that it shall not: Carson *v.* Carson, 6 Allen, 397; Read *v.* Head, Ib. 174; Dole *v.* Johnson, 3 Allen, 367; Dorr *v.* Wainwright, 13 Pick. 328; Mayo *v.* Merritt, 107 Mass. 505; Whitcomb *v.* Taylor, 122 Mass. 243; Ricketson *v.* Merrill, 148 Mass. 76; White *v.* Institute, 171 Mass. 84; Lewis *v.* Shallack, 173 Mass. 487; 1 Jar. Wills, 152 (note); 2 Ib. 354 (note); *Palmer* v. *Moore*, 82 *Ga.* 177; *Brannon* v. *Ober*, 106 *Ga.* 170.

ATKINSON, J. (After stating the facts.) This is an equitable petition for the construction of the will of the late Mary W. Owens. As has often been observed, every will is a thing to itself, and in the construction of a will it is the duty of the court to diligently seek the intention of the testator, and give it effect where no rule of law is violated. This cardinal rule of construction is the statute law of this State. Civil Code, § 3324. The testatrix made her will and thereafter executed a codicil. It is an established rule not to disturb the dispositions of the will further than is absolutely necessary for the purpose of giving effect to the codicil. 1 Jarman on Wills, § 139. This principle of construction is all the more applicable in the case of this will, as in the codicil the testatrix expressly reaffirmed her will, save and except as changed by the codicil. In ascertaining the testamentary scheme it is well to first consider the terms of the will before the execution of the codicil. It is clear that the original dispositive scheme was to devise one half of the residuum of her estate to her sister, Mrs. Margaret W. Thomas. The language employed to express this intent is plain and accurate to the point of technical precision. She devised the one half of the residuum of her estate to "Margaret

W. Thomas and her heirs." A devise or grant to A. and his heirs conveys a fee to A. *Craig* v. *Ambrose,* 80 *Ga.* 134 (4 S. E. 1) ; *Ewing* v. *Shropshire,* 80 *Ga.* 374 (7 S. E. 554) ; *Douglas* v. *Johnson,* 130 *Ga.* 472 (60 S. E. 1040). It is also beyond doubt that she devised one fourth of the residuum in fee simple to her nieces, Lizzie Munnerlyn and Margaret and Julia Owens. As to the disposition of the remaining fourth of the residuum the testatrix's intent is equally manifest. It was devised to Mary Anderson Owens for life or so long as she remains unmarried; in the event of her marriage the one-fourth residuum is to be divided betweeen Mary Anderson Owens, her sister Lila C. Carmichael, and her brothers Benjamin L. Owens and John W. Owens, each taking a fee to one fourth of this one fourth of the residuum, or, in the event of the death of Mary Anderson Owens without having married, this one-fourth interest is to be equally divided among her brothers and sister named in the will, each taking one third of this one-fourth interest in fee simple. Thus it will be seen that the testatrix did not leave in doubt the persons who were to take the fourth of the residuum last devised. The objects of her bounty were not indeterminate and were not to be ascertained or discovered by her executors. The testatrix did not contemplate any change in the beneficiaries, but she did contemplate a shifting of the interest among these devisees, dependent upon the death or marriage of one of them. It would seem to be clear that the various estates devised were purely legal in character. In the fifth item the testatrix appointed Mrs. Margaret W. Thomas and George W. Owens as her executors, and authorized either or both of them to sell and dispose of her property at public or private sale, as may be deemed best, and reinvest the proceeds in such other property as may be deemed to the best interest of her estate. This was a discretionary power given to the executor and executrix, and there is nothing in the will to indicate that this power was given for any other purpose than to facilitate the administration of the estate. The conference of this power created no estate in the executors, but was a grant of a naked power. It was conferred on the nominated executors to be exercised by them, and not by an administrator with the will annexed,—a mere personal power and simply collateral in its nature. *Luquire* v. *Lee,* 121 *Ga.* 624 (49 S. E. 834) ; 1 Sugden on Powers (ed. 1856), m. p. 130-4; 2 Washburn

on Real Prop. (6th ed.)· §1417; Chew *v.* Hyman, 7 Fed. 7. The distinction between a power which creates an estate and a naked power to sell is thus stated in 1 Williams on Exrs. (9th ed.) 779: "A devise of the land to executors to sell passes the interest in it; but a devise that executors shall sell the land, or that the lands shall be sold by the executors gives them but a power." The executors, therefore, took no estate under this power, and there is nothing in the will to change the general rule as defined in the Civil Code, §3313, that executors take no beneficial interest under any will (except commissions) unless the same be expressly given to them by the will.

The next question is how far is the original dispositive scheme affected by the codicil. We will first notice the effect of the bequest in the codicil, to Mrs. Thomas for life, of the income of the entire estate of the testatrix, as affecting the bequests in the will as originally drafted.· An unconditional gift of the income of the property will be construed into a gift of the property, unless the provisions of the will require a more limited meaning.· Civil Code, §3323. If the gift of the income had not been limited for life, and had not been hedged by other limitations, Mrs. Thomas would have taken the fee; but as the bequest to her is for life only, she takes a life-estate in all of the testatrix's property. The devise in the codicil to Mrs. Thomas of a life-estate in all of the property of the testatrix clearly carves a life-estate for her out of the devises to the other devisees; and it becomes necessary to inquire what effect this provision of the codicil has on the devise to Mrs. Thomas in fee as made in the will. Was her estate in fee cut down to an estate for life? The rule is elementary that a court will not by construction reduce an estate once devised absolutely in fee by limitations contained in subsequent parts of the will, unless the intent to limit the devise is clearly and unmistakably manifested. If the expression relied upon to limit a fee once devised be doubtful, the doubt should be resolved in favor of the absolute estate. *West* v. *Randle,* 79 *Ga.* 28 (3 S. E. 454); McClellan *v.* MacKenzie, 126 Fed. 703 (61 C. C. A. 619). When the testatrix bequeathed the entire income of her estate to Mrs. Thomas for life, it would seem that the only purpose could have been to enlarge her benefaction to Mrs. Thomas; that in addition to the devises to her in fee simple she should receive for life the

entire income of the property devised to other legatees. This is obliged to be so; because there is nothing in the codicil indicative of an intent to disturb the fee devised to Mrs. Thomas, and because no attempt is made to dispose of the property devised in fee to Mrs. Thomas after her death. To hold that Mrs. Thomas's devise in fee is reduced to a life-estate would in effect declare an intestacy as to this property after her death. A will affecting property should never be so construed as to exclude some of it from its operation, unless demanded by the context or some rule of law prohibiting the disposition. This difficulty evidently arose in the mind of the trial court, and was met by holding that the word "heirs" in the devise to Mrs. Thomas should be construed to mean "children." We think such construction is not only opposed to the legal and technical meaning of the word "heirs" in its context, but also opposed to the clearly expressed testamentary purpose. The will and codicil indicate that Mrs. Thomas was the principal object of the bounty of the testatrix, and the codicil is to be construed as enlarging the bequests to her in the will by giving to her, in addition to the property devised in fee, a life-estate in the property devised to the other legatees. It was admitted on the trial, and so stated in the decree, that there was no controversy as to the property devised in item 1 of the will, as that had been amicably adjusted.

Having come to the conclusion that the devises in fee to Mrs. Thomas in the will are not affected by the codicil, and that by force of the codicil Mrs. Thomas takes a life-estate in the property devised to the other legatees, the next question is, whether Mrs. Thomas is entitled to the possession of the estate, or should it remain with the executors until the death of Mrs. Thomas, and then be divided by them? There is no pretense that the estate owes any debts. Mrs. Thomas is sui juris and laboring under no disability. She is entitled to the full use and enjoyment of the property devised to her, unless restrained by the will and codicil. She is as much entitled to the possession of the estate devised for life as that devised in fee, if the will does not give possession to the executors until her death. A tenant for life is entitled to the full use and enjoyment of the property. Civil Code, §3090. In this respect there is no difference between realty and personalty. As was said in *Bowman* v. *Long,* 26 *Ga.* 146, "In a life-estate the

tenant is entitled to have the possession of the property for his own enjoyment; and all that the remainderman can require is that the 'corpus' of the property shall be kept in preservation, to be delivered to him on the termination of the life-estate. . , Of course, this rule must be subordinate to the rule that the corpus is to be so kept that it shall be preserved for delivery to the remainderman, on the termination of the life-estate. The law has ways by which it can effect this object, and yet not deprive the tenant for life of the use and profits of the property during his life. It can require him to give security for the forthcoming of the property at the termination of the life-estate." *Crawford* v. *Clark,* 110 *Ga.* 732 (36 S. E. 404) ; *Brantley* v. *Porter,* 111 *Ga.* 886 (36 S. E. 970) ; *Walker* v. *Watson,* 32 *Ga.* 264. We take it to be well settled therefore, that, unless otherwise provided in the will and codicil, Mrs. Thomas is entitled to the possession of the property devised to her, to the exclusion of the executor.

The executor claims, that as the devise to Mrs. Thomas was of the income, and the codicil expressly directed that the estate of the testatrix was not to be divided during the life of Mrs. Thomas, but was to be kept together until her death, and because of the power of sale in the will, he is required by virtue of his office as executor to retain possession of the estate until Mrs. Thomas's death, in order to execute the will and codicil of his testatrix. It is undeniably true that a testator may devise the possession of his property to his executor in order to effectuate a lawful testamentary disposition of it, which contemplates a ,division by the executor at a future period. See *Toombs* v. *Spratlin,* 127 *Ga.* 766 (57 S. E. 59). But neither the will nor the codicil in this case makes any express devise of an interest in this estate to the executor; and if any such interest exists, it must be implied. As pointed out in an earlier part of this opinion, the conference of a power of sale does not create any estate. A power of sale may reside in one who has no legal or equitable interest in the property which is to be the subject of a sale. *Coleman* v. *Cabaniss,* 121 *Ga.* 281 (48 S. E. 927). The mere lodgment of a discretionary power of sale in an executor can not destroy an essential quality of the estate in fee of a devisee, where there are no debts or necessity of sale. Moreover the power of sale is in the original will, and, as we have said elsewhere, was conferred for the purpose of administer-

ing the estate in the usual and ordinary way. But it is emphasized that the testatrix directs that her estate shall not be divided during the lifetime of her sister, Mrs. Thomas, and shall be kept together until her death. This provision of the codicil emphasizes the tes- tamentary intent that Mrs. Thomas should have undisturbed pos- session of the whole estate until her death, when the several es- tates in remainder are to become estates in possession. The exec- utor is not a trustee for any of the legatees; he holds for neither Mrs. Thomas nor the remaindermen. The codicil is satisfied if the property is not divided until Mrs. Thomas's death; and the holding should be by her, in the absence of a contrary declaration by the testatrix. Upon the assumption that the division is to be made by the executor, still the authority to divide in a designated way among determinate and designated legatees who are given purely legal estates is but a naked power uncoupled with an interest, and in the absence of a devise to the executor, or words of implication, he has no right to the possession and control of the estate interme- diate the period for division. Chighizola *v.* Le Baron, 21 Ala. 406.      *Judgment reversed. All the Justices concur.*