NICHOLLS *v.* WHEELER *et al.*

No. 11229.   MAY 15, 1936.

*G. Lee Dickens,* for plaintiff in error.

*B. F. Walker, M. C. Barwick, Ficklen & Pilcher, J. Cecil Davis,* and *Joel H. Terrell,* contra.

BECK, Presiding Justice. ■ It is a settled rule that a court will not by construction reduce an estate once devised absolutely in fee, by limitations contained in subsequent parts of the will, unless the intent to limit the devise is clearly and unmistakably manifested. If the expression relied upon to limit the fee once devised be doubtful, the doubt should be resolved in favor of the absolute

estate. *Thomas* v. *Owens,* 131 *Ga.* 248 (64 S. E. 218); *Taylor* v. *Reid,* 144 *Ga.* 437 (87 S. E. 469); *Moore* v. *Cook,* 153 *Ga.* 840 (113 S. E. 526). Item 1 of the will in question here, while it contains certain limitations, devises to the testator's two daughters the property therein referred to, and the restrictions as to the use of the property did not qualify the character of the devise. A contingent remainder was created in item 2 of the will in favor of the children of the daughters of the testator, but this remainder was never effective, as neither of the daughters had children. In no subsequent item of the will is the devise in item 1 cut down or limited to a life-estate or to any estate less than a fee, and there is no provision for a reversion to the estate of the testator. Consequently the ruling made above, as to the estate created by item 1 of the will, falls clearly within the rule stated in the three cases cited. It follows that the court erred in sustaining the motion to dismiss the caveat.

■ The bill of exceptions was tendered in time, and it contains express exceptions to the final judgment. Consequently the motion to dismiss the writ of error is overruled.

*Judgment reversed. All the Justices concur.*
RUSSELL, C. J., concurs in the result.