AIKEN *et al. v.* AIKEN, executrix.

DUCKWORTH, Chief Justice. 1. The intentions of a testator are to be derived from a consideration of his will as a whole, read in the light of the surrounding circumstances, and are not to be determined by arbitrary conjecture as to what he meant nor by consideration of detached portions of the will. Code, § 113-806. See also *Patterson* v. *Patterson,* 208 *Ga.* 17, 20 (64 S. E. 2d, 585), and cases cited therein.

2. A court will not by construction reduce an estate devised absolutely in fee simple because of limitations in subsequent parts of the will unless the intent to limit the devise is clearly and unmistakably mani-

fested, all doubtful expressions being resolved in favor of the absolute estate. *Moore* v. *Cook,* 153 *Ga.* 840 (113 S. E. 526); *Nicholls* v. *Wheeler,* 182 *Ga.* 502 (185 S. E. 800); *Davant* v. *Shaw,* 206 *Ga.* 843 (59 S. E. 2d, 500).

(*a*) An examination of the will attached to the petition here discloses no ambiguity but a devise of all of the property to the wife in fee simple, "to be used and disposed of in anywise as she may deem fit and proper for the exclusive benefit of herself and/or" their minor children; and while the next paragraph on which counsel for the plaintiff in error relies discloses that it was the testator's intention to leave his estate in fee simple to his wife and their minor children with his grown children receiving no share or claim upon the property, it is apparent that this was to show unmistakably that he was not leaving anything to his older children.

(*b*) While the petition for construction is by two of the minor children praying that they be decreed to have an undivided interest, a reading of the will shows clearly that the property is devised to the wife absolutely and in fee simple, and the estate thus created is not reduced by subsequent parts of the will, and it can not be reduced as prayed for in the petition.

(*c*) The court did not err in sustaining the general demurrer to the petition, either on the theory that no cause of action is shown for construction or that the ruling made construes the fee simple title to be in the defendant. See *Armstrong* v. *Merts,* 202 *Ga.* 483 (43 S. E. 2d, 512).

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18203. ARGUED MAY 13, 1953—DECIDED JUNE 9, 1953.

*Clyde W. Bowen,* for plaintiffs in error.

*Poole, Pearce & Hall* and *Margaret Hills Fairleigh,* contra.