20414.   HOUSTON *v.* CORAM, Executor, *et al.*

HAWKINS, Justice. This was a proceeding by Mrs. Webb Houston, widow and sole heir at law of P. A. Coram, Jr., who died intestate in 1954, against Albert Coram, individually and as executor of the last will and testament of Mrs. P. A. Coram, Sr., seeking a construction of the last will and testament of her husband's father, P. A. Coram, Sr., to have certain conveyances made by Mrs. P. A. Coram, Sr., now deceased, to Albert Coram, set aside, and an accounting. The right of the plaintiff, now plaintiff in error, to recover in this case depends upon the construction of Items VII and VIII of the last will and testament of P. A. Coram, Sr.

Item VII reads as follows: "It is my will and desire to give my beloved wife, Ella B. Coram [Mrs. P. A. Coram, Sr.], vesting in her all my rights and title in and to [certain described property]. . . It is further my will that this my last will and testament vest in her title to this property in fee simple with the full right to sell or dispose of all the property herein specified in Item Seven. It is further my will and desire that if any of this property remain in her hands or the proceeds reinvested or converted into cash remain in her hands at her death, then and in that event, it is my will that all of the property or proceeds covered in this item, be equally by arbitration or agreement among themselves dividing equally between all

six of my wife's children, namely Vincent Sikes, Grady Sikes, Mrs. Minta S. Cameron, Albert Coram, Mrs. L. T. Outler, P. A. Coram, Jr."

Item VIII is as follows: "It is my will and desire to give to my beloved wife, Ella B. Coram, [certain described property, both real and personal]. . . It is my purpose and intention of this will, is [sic] to convey all of the above property either personal or real as specified in Item Eight (8) of this will in fee simple, vesting in her the full title with the right to sell or dispose of the said property in any manner she may choose or deem proper. However, it is my will and desire, that any of the property in this item, remaining in her hands at her death or the reinvestment accruing from the sale of any of the residue be equally divided between my three children, namely: Albert Coram, Mrs. L. T. Outler and P. A. Coram, Jr., the division be by agreement between themselves or arbitration."

The petition alleges that, under Items VII and VIII of the will of P. A. Coram, Sr., Mrs. P. A. Coram, Sr., took only a life estate in the property therein described; that she individually conveyed certain portions of the property to Albert Coram, the defendant; and seeks to have these conveyances declared void and set aside as having been deeds of gift, not authorized by the power of sale given Mrs. P. A. Coram, Sr., under Items VII and VIII. It also seeks to have an accounting from Albert Coram, as executor of Mrs. P. A. Coram's estate, for any consideration that might have been paid to Mrs. Coram for these deeds of conveyance, it being alleged that it is expressly provided by the will that the consideration shall stand in lieu of the property.

It is further alleged that P. A. Coram, Jr., the husband of the plaintiff in error, survived his father, P. A. Coram, Sr., but predeceased his mother, Mrs. P. A. Coram, Sr., and that there has been no administration upon his estate, and all of his debts have been paid.

Certain general and special demurrers were filed, all of which were directed toward a construction of the will. The trial court sustained the demurrers and dismissed the petition. The exception is to this judgment. *Held:*

1. "An estate in fee simple is the entire and absolute property in the land; no person can have a greater estate or interest." *Dickinson* v. *Jones,* 36 *Ga.* 97, 103. Code § 85-501 provides

that a "fee simple estate is one in which the owner is entitled to the entire property, with unconditional power of disposition during his life, and which descends to his heirs and legal representatives upon his death intestate."

2. While Code § 113-407 provides that, "Where there are inconsistent provisions in the same will, the latter provision shall prevail," yet "It is a settled rule that a court will not by construction reduce an estate once devised absolutely in fee, by limitations contained in subsequent parts of the will, unless the intent to limit the devise is clearly and unmistakably manifested" (*Nicholls* v. *Wheeler*, 182 *Ga.* 502, 505, 185 S. E. 800) ; and "An expressed devise cannot be cut down by a subsequent item of doubtful meaning." *Bussey* v. *Bussey*, 208 *Ga.* 760, 764 (69 S. E. 2d 569). Furthermore, "When the words of the will in the first instance distinctly indicate an intent to make a clear gift, such gift is not to be cut down by any subsequent provision which is inferential, and which is not equally as distinct as the former." *Kimbrough* v. *Smith*, 128 *Ga.* 690, 692 (58 S. E. 23). See *Wilcher* v. *Walker*, 144 *Ga.* 526 (87 S. E. 671) ; *Schoen* v. *Israel*, 168 *Ga.* 779 (149 S. E. 124) ; *Davant* v. *Shaw*, 206 *Ga.* 843 (59 S. E. 2d 500) ; *Montgomery* v. *Pierce*, 212 *Ga.* 545, 550 (93 S. E. 2d 758). In Items VII and VIII, respectively, of the will here under consideration, the testator, after devising the property therein specified to his wife in fee simple, with the full right to sell or dispose thereof in any manner she may choose or deem proper, says in Item VII: "It is further my will and desire that if any of this property remain in her hands or the proceeds reinvested or converted into cash remain in her hands at her death, then and in that event, it is my will that *all* of the property or proceeds covered in this item [not such of the property or its proceeds as remain in her hands at the time of her death], be equally by arbitration or agreement among themselves dividing equally between all six of my wife's children," naming them; and in Item VIII, "However, it is my will and desire, that any of the property in this item, remaining in her hands at her death or the reinvestment accruing from the sale of any of the residue be equally divided between my three children," naming them. While the testator refers to these suggestions as his "will and desire," he had already unqualifiedly and unequivocally willed his property referred to therein to his wife "in fee simple," vesting in her "all my

rights and title in and to," and "full title" to said property, with unlimited right to sell or dispose thereof in any manner she may choose or deem proper; and these are merely the expression of his wishes as to the disposition to be made by his wife of such of the property or proceeds thereof as she did not otherwise dispose of, and do not clearly and unmistakably manifest an intent to limit or cut down to a life estate the absolute fee-simple estate conveyed by the first provisions of these two items of the will. To hold that these latter expressions created a life estate only, with a vested remainder in the children therein referred to, would be to eliminate or disregard one of the essential elements of a "fee-simple" estate; that is, the descent of the property to the heirs and legal representatives of the wife upon her death intestate, and would operate to violate the well-settled rule that a court will not by construction reduce an estate once devised absolutely in fee simple by limitations of doubtful meaning contained in subsequent parts of the will.

3. Under the foregoing principles of law, we hold in this case, as was held in *Aiken* v. *Aiken,* 209 *Ga.* 819, (2b) (76 S. E. 2d 481), that "a reading of the will shows clearly that the property is devised to the wife absolutely and in fee simple, and the estate thus created is not reduced by subsequent parts of the will, and it can not be reduced as prayed for in the petition." *Smith* v. *Slade,* 151 *Ga.* 176 (106 S. E. 106) ; *Harper* v. *Fuller,* 214 *Ga.* 67 (102 S. E. 2d 553).

4. Accordingly, the trial judge did not err in sustaining the demurrers and dismissing the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 13, 1959—DECIDED MAY 8, 1959—
REHEARING DENIED JUNE 5, 1959.

*Farkas, Landau & Davis,* for plaintiff in error.
*H. G. Rawls, W. J. Crowe, Ford & Houston,* contra.