## 28560. BOSTON v. BOSTON et al.

INGRAM, Justice. This is a will construction case from Bartow County and the facts are not in dispute. This court must decide if the construction made by the trial court of the will and codicil of the late Mrs. Zonie Boston is correct under Georgia law. The trial court determined that the testamentary provisions in question granted only a defeasible fee in certain property rather than an absolute fee simple interest in the property. Appellant contends this was an erroneous construction and appellees contend it was correct.

The item of the will for construction reads as follows: "Item Four. I give, bequeath and devise to my three sons, William Hubert Boston, Emory Fink Boston and James Thomas Boston, share and share alike, all the residue and remainder of my property, both real and personal, and wherever situated, to be theirs absolutely and in fee simple subject to the following: The home farm where I now live has been in the Boston name for more than one hundred years and it is my hope and earnest desire that it may continue so long as is humanly practicable, and to this end I urge my said sons to retain the property as a homestead in the name of Boston as long as it is practicable to do so. This, however, is not a condition precedent nor any limitation upon their title, but is only an expression of my wishes that I hope may influence the action of my devisees. But regardless of this wish, the fee simple title, without condition or limitations (except as hereinafter provided), shall vest in my said sons as aforesaid subject only to the following conditions: Any of my said sons may sell and convey his interest in said home place as he may desire, and the purchaser thereof shall take the fee simple title freed [sic] from the claims or interest of any brother or of any future widow, or any child or children of said son so selling his interest. If any of my said sons should die without having sold his interest in said homeplace and without leaving a widow, or children then

the survivor or survivors of my said three sons shall take the interest and title of my said deceased son or sons. But should any of my said sons marry and then die without having sold his interest in said home place, and leaving a widow, said widow shall take the interest and title of her said deceased husband for and during her widowhood or life, and if upon her marriage or death she has living children by my son, then such child or children of my said son shall take such father's interest and title in said home place. But if said widow of my said son marries or dies without leaving any child or children of my said son, then such interest of my said son shall go to and the title thereto vest in my surviving son or sons, or the heirs of their body then living. The contingent title here given to a widow, or the children of any son, is subject to the sale by said son of his interest as aforesaid."

Subsequent to the execution of the will containing the above paragraph, Mrs. Zonie Boston executed a codicil to the will, the pertinent provisions of which read as follows: "2. I desire to change Item Four of said original will, to-wit: At the end of item four 1 ad [sic] the following, as part of the last sentence thereof, 'and is subject to a devise or gift by will or wills of said sons of their fee simple interests in said farm where I now live, so that they may pass title of their interests in said farm by will as well as by sale or deed.'"

Appellant urges that these provisions passed an absolute fee simple title and that where a will has devised an estate in absolute fee simple, the court is without authority to reduce the estate by construction based upon limitations contained in subsequent parts of the testament. Appellant thus argues that these testamentary provisions vested unlimited power in the sons of Mrs. Boston to alienate their interests in the property and that this is inconsistent with a finding of the trial court that Mrs. Boston's sons were given less than an absolute fee simple interest in the property. Appellant claims she has fee simple title by intestate succession to son William H. Boston, who appellant urges, acquired an absolute fee simple interest under the will of his mother, Mrs. Zonie Boston, along with the other two sons who are appellees in this case. Appellant relies principally on the rule expressed in *Houston v. Coram,* 215 Ga. 101 (3) (109 SE2d 41) wherein this court said, "a reading of the will shows clearly that the property is devised to the wife absolutely and in fee simple, and the estate thus created is not reduced by subsequent parts of the will, and it cannot be reduced as prayed for in the petition."

Appellees, on the other hand, argue that Mrs. Zonie Boston's will and codicil clearly show an intention to devise only a defeasible fee in the property to her sons and appellees rely primarily on the case of *Jenkins v. Shuften,* 206 Ga. 315 (1) (57 SE2d 283), wherein it is held: "A fee-simple defeasible estate with a legal executory limitation is created in this state when a testator gives land to one in fee simple, but subsequently provides in his will that, in case a certain event does or does not happen, the estate will go to another."

We begin where all will construction cases must begin, and that is with a diligent effort to seek the testatrix' intention so that it can be given effect if not violative of the law. Code § 113-806. With this basic rule of construction in mind, it is clear that, as urged by appellant, "estates in fee are not reduced by subsequent limitations in the will, unless intent to limit is clear and unmistakable." See *Aiken v. Aiken,* 209 Ga. 819 (2) (76 SE2d 481); *Wilcher v. Walker,* 144 Ga. 526 (87 SE 671); and, *Thomas v. Owens,* 131 Ga. 248 (62 SE 218), cited in appellant's brief.

The principle of law enunciated in these and similar cases is the principle to be applied in the present case. The critical question to be faced in construing the present testamentary provisions is whether the son William H. Boston received a fee simple estate free from restrictions. The record discloses that he died on April 20, 1972, leaving a widow and no children, without having sold his undivided one-third interest in the property and that he did not leave a will conveying his interest in the property. When William H. Boston died, his sole heir was his widow, the appellant, as he had no children.

We believe that the testatrix, Mrs. Zonie Boston, clearly and unmistakably, placed restrictions on the estate devised to her sons in the property and, therefore, William H. Boston, the appellant's deceased husband, did not acquire an absolute fee simple interest in the property but acquired only a defeasible fee interest in it.

It is true that each son was free under the will and codicil to dispose of the undivided one-third interest which he acquired except through intestacy. But intestacy is what happened here and, when it did, son William H. Boston's defeasible fee terminated under the provisions of the will. During his lifetime, William H. Boston was free to sell his interest and he also could have devised it to his widow by will. However, when he married and died intestate owning the interest he received under his mother's

will, this interest passed to the other devisees under the terms of Mrs. Zonie Boston's will, subject only to a life estate or estate during widowhood in his widow. See *McDonald v. Suarez,* 212 Ga. 360 (1, 2) (93 SE2d 16).

The present will provides that "should any of my sons marry and die without having sold his interest in said (property), and leaving a widow, said widow shall take the interest and title of her said deceased husband for and during her widowhood or life . . ." We hold that, under this language, the appellant has a life estate or estate during widowhood but does not have a fee simple interest in the property because her deceased husband did not acquire such an interest under his mother's will and codicil.

In our opinion, the trial court correctly construed the will and codicil of Mrs. Zonie Boston and its judgment must be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 15, 1974 — DECIDED MARCH 7, 1974.

*Jere F. White,* for appellant.
*Greene & Greene, James E. Greene,* for appellees.