## 32669. HAMPTON et al. v. DEAN et al.

NICHOLS, Chief Justice.

The appellees filed a petition for construction of the will of Thomas W. Dean. Both sides filed motions for summary judgment. The trial court denied appellants' motion and granted appellees' motion. Error is enu-

merated on both rulings.

For construction here is item eight of the will, which provides: "I hereby will and bequeath to my grandson, Roy Dean, the son of my deceased son, Jeff Dean, or rather Thomas J. Dean, for and during his natural life, the following described property... Said land to be rented out by my wife, Loucretia Dean until my grandson reaches the age of 21 years, or until my wife's death, my wife in any event to get the rent off this property until my grandson reaches his majority. At the death of my wife, and my grandson is not twenty one years of age, then my executors are to take charge of said land, to rent the same and deposit the money in a reliable bank to my grandson's credit to draw interest. At the age of 21, my grandson is to have said property whether my wife is dead or not, but not before reaching his majority. Should my grandson die *with* bodily heirs, in that event it is my will and desire that said property revert back to my estate, and that the same shall be sold, and the money divided, share and share alike, as provided by my will." (Emphasis supplied.)

The court found that in looking at the entire will, the testator made five devises to children. In four he gave life estates and provided if the child has bodily heirs, the property should go to such bodily heirs, otherwise to revert to his estate. In the fifth the testator gave a life estate and provided that if the child should die *without* bodily heirs, the property should revert to his estate.

The court concluded: "The intent of the testator was clearly to give his grandson, the child of his deceased son, a life estate with a reversion to the testator's estate only if he died *without* bodily heirs. To hold differently would be to deny the clear intention of the testator to treat all his children fairly. Therefore, this Court concludes that [Item Eight] of this will should be construed as if it read '... *without bodily heirs* ...'" (Emphasis supplied.)

The will is replete with typographical errors, but it is clear that the testator's intention was to keep his property in his blood line. The trial court did not err in denying appellants' motion for summary judgment and thereafter granting appellee's motion. *Wooley v. Smith,* 236 Ga. 888 (225 SE2d 911) (1976).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 19, 1977 — DECIDED OCTOBER 20, 1977 —
REHEARING DENIED NOVEMBER 9, 1977.

*Ken Stula,* for appellants.
*Bryant & Stone, George H. Bryant,* for appellees.