32746. JOHNSON v. JOHNSON et al.

BOWLES, Justice.

This case is on appeal from the Superior Court of Murray County. It involves the construction of terms in the joint and mutual will of George W. Johnson, deceased, and his wife, Ella H. Johnson.

In 1952, O. A. Mallett conveyed to G. W. Johnson and Mrs. G. W. (Ella) Johnson a certain tract of land lying in Murray County, Georgia.

On October 15, 1963, George W. Johnson and Ella H. Johnson executed their last will and testament making provision for the disposition of their estates. Item 3 of the will provided, "Upon the death of either of us the survivor shall take fee simple title to all the property, both real and personal, of the deceased." Item 4 of the will provided, "Upon the death of the survivor our executor shall sell the Mallett Place (more fully described in Deed Book 25, page 537, Murray County Deed Records) and the proceeds, after the expenses of the sale have been taken out, shall be equally divided between Temple Johnson, Louise Johnson Dixon and Trixie Johnson Oxford."

George W. Johnson died on October 25, 1969, and the will was probated and the named executor qualified.

The appellee, Ella H. Johnson and the executor filed a petition against Louise Johnson Dixon, Trixie Johnson Oxford and the heirs of Temple Johnson, deceased,

alleging that Ella H. Johnson, by virtue of the will, had a life estate in the property known as the Mallett Place. Petitioners asserted the land should be sold and the proceeds distributed among the the proper parties. The petition attached as exhibits the deed of purchase of the Mallett Place and a copy of the will, and asked for a determination of the interest of the parties.

The heirs of Temple Johnson, a named devisee of the survivor under the will of George W. and Ella H. Johnson, filed their answer admitting the deed and the will but denied that the property should be sold, and sought to prevent a sale. They moved to dismiss the complaint filed by the plaintiffs on the ground that it failed to state a cause of action upon which relief could be granted.

After hearing, the trial court concluded that Ella H. Johnson owned a one-half undivided interest in the Mallett property by virtue of the warranty deed from O. A. Mallett. This was a fee simple interest. The court also held that Item 3 of the will of George W. Johnson and Ella H. Johnson provided unequivocally that the survivor at the death of one of them would take fee simple title to all real property of the deceased, including the Mallett Place. The trial court found Item 4 to be an attempt to limit the estate previously given in the will, which is not permitted absent an unequivocal subsequent provision. *Thomas v. Owens,* 131 Ga. 248 (62 SE 218) (1908); *Moore v. Cook,* 153 Ga. 840 (113 SE 526) (1922). Therefore, as Ella H. Johnson had fee simple title to the entire tract of land, and as proceedings to partition property only apply where there are two or more persons who are common owners of land, the principles of equitable or statutory partition could not be applied.

One of the Temple Johnson heirs appeals, citing error in that portion of the trial court's opinion which held that Ella H. Johnson had fee simple title to the entire tract of land known as the Mallett Place. She argues that the testamentary intent is controlling in cases such as this, and that the intent was clearly shown by Ella H. Johnson, one of the testators, who in her petition to partition claimed only a life estate in the Mallett Place property. We do not agree.

The pleadings and admissions of fact clearly

demonstrate that Ella H. Johnson held in fee simple a one-half undivided interest in the Mallett Place by virtue of the 1952 deed from O. A. Mallett. Item 3 of the joint will clearly and unequivocally gave Ella H. Johnson a fee simple interest in her husband's one-half undivided interest in the Mallett Place. "It is a settled rule that a court will not by construction reduce an estate once devised absolutely in fee, by limitations contained in subsequent parts of the will, unless the intent to limit the devise is clearly and unmistakably manifested." *Nicholls v. Wheeler,* 182 Ga. 502, 505 (1) (185 SE 800) (1936); *Ammons v. Williams,* 233 Ga. 534 (212 SE2d 769) (1975). Thus she owned both half interests in the land in fee simple. This title was not forfeited by her erroneous legal conclusion in her petition for partitioning alleging that her interest was only a life estate in the property where her pleaded and admitted facts are totally contradictory. Cases should be decided on their merits and not upon the niceties of pleading. See *Owens v. Cobb County,* 230 Ga. 707 (198 SE2d 846) (1973).

We affirm the trial court's order in dismissing the petition to partition for failure to state a cause of action upon which relief can be granted.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 21, 1977 — DECIDED OCTOBER 21, 1977.

*McDonald, McDonald & McDonald, E. Crawford McDonald,* for appellant.

*Mitchell, Mitchell, Coppedge, Boyett, Wester & Bates, William W. Keith, III, J. Raymond Bates, Jr.,* for appellees.