### 36005. BAILEY v. JOHNSON et al.

HILL, Justice.

Charles I. Kidd died testate in 1929, devising all of his property to his wife during her widowhood, with the remainder interests going to his five children. The remainders in specific tracts not involved here were devised to each of his three sons, next to their children or widows. In Item Sixth, testator devised an undivided 1/2

interest in four parcels of land in remainder to a daughter, Susie Kidd, and in Item Seventh he devised the other 1/2 interest in these parcels in remainder to his daughter, Addie Kidd. The four parcels were the Ferguson place, the Clark place, the home place, and the lot across the street from the home "where the garage is located."

In Item Eighth, testator qualified the devise as to the home to his daughters as follows: "In the event either of my daughters die without a child or descendant of a child her half of said home lot above described shall go to the surviving daughter during her life and at the death of said surviving daughter the said one-half of said first deceased daughter becomes the property of my estate and in the event said surviving daughter shall die without leaving child or descendant of a child her half interest in said home lots shall become the property of my estate." Item Tenth of the will has to do with the Clark and Ferguson parcels. It provided that if one of testator's daughters were to die without child or descendants of a child, "her half of said land, that is the John Clark place and the Ferguson place above mentioned shall become the property of my estate and the executors shall take charge of the said tract of land and annually rent out the same and pay one half of the proceeds to said surviving daughter and the other half to my estate." Item Eleventh does not contain reference to any specific parcel; it reads: "I further will and desire that if said surviving daughter leave a child or children or descendants of said child or children that said half shall become absolutely the property of children and descendants. That if she dies without child or children or descendants said last mentioned half shall become the property of my estate and the same disposed of by my executors."

Testator's widow died in 1938. Addie Kidd married J. H. Hailey and had two daughters, plaintiff-appellee Eugenia Hailey Johnson and defendant-appellant Mary Hailey Bailey. The 1/2 interest of Addie Kidd in the four parcels went to her daughters upon Addie's death in 1957. Susie died without child or descendants in 1969. In her will she left her entire estate, both real and personal, to the defendant, Mary Bailey, in fee simple. After Susie's death, defendant Mary Bailey purchased the home place

from the Kidd heirs.

In 1979, Eugenia filed a complaint asking for a declaratory judgment construing the will of Charles I. Kidd, and for an equitable partitioning of the Clark place, the Ferguson place, and the garage lot.[1] Defendant answered, alleging that her aunt, Susie Kidd, as the surviving daughter, had received a fee simple one-half undivided interest in the three properties under the will of Charles I. Kidd, and that defendant had established title to the properties by prescription pursuant to the color of title of Susie Kidd's will, and that a partitioning of the properties would be burdensome, expensive and unnecessary. Both parties moved for summary judgment, defendant also moving to strike the evidence and dismiss the affidavits of plaintiff. The trial court granted plaintiff's motion for summary judgment, denied defendant's motion, construed the will, appointed a receiver and ordered the sale of the properties. A certificate of immediate review was granted, and this court granted appeal.

1. Although the defendant contends otherwise, we find that the issues in this case can best be resolved by first identifying the type of interest acquired by the testator's daughters under his will.

Defendant Bailey asserts that the trial court erred in declaring Susie Kidd's interests in the garage tract, the Clark place, and the Ferguson place to be vested remainders subject to defeasance. Items Sixth and Seventh purport to devise to Addie and Susie Kidd one-half interests in these properties. Items Eighth, Tenth and Eleventh show a clear and unmistakable intent in specific language to limit these devises by defeating them should either daughter die without children or descendants of children. *Gibson v. Hardaway,* 68 Ga. 370 (1882); *Daniel v. Daniel,* 102 Ga. 181 (1) (28 SE

---

[1]Title to the homeplace is not in issue, defendant having purchased it from the other heirs. So much of the interests of plaintiff and defendant in the three remaining tracts as were inherited from their mother, Addie Kidd Hailey, are not in dispute here.

167) (1897); *Jenkins v. Shuften,* 206 Ga. 315 (1) (57 SE2d 283) (1950); *Boston v. Boston,* 231 Ga. 801, 803 (204 SE2d 102) (1974); *Wisse v. Anderson,* 235 Ga. 255, 257 (219 SE2d 393) (1975). We find under the authority of the cases cited that the testator's daughters received remainder interests under the will and that these remainders became defeasible fees upon the death of testator's widow. The cases cited by defendant, *Houston v. Coram,* 215 Ga. 101, 103 (109 SE2d 41) (1959); *Thomas v. Owens,* 131 Ga. 248 (62 SE 218) (1908), and *Johnson v. Johnson,* 240 Ga. 21 (239 SE2d 346) (1977), are inapposite for the reason that here the testator's intent to limit the devise was clearly and unmistakenly manifested. Anything to the contrary in *Nicholls v. Wheeler,* 182 Ga. 502 (185 SE 800) (1936), is hereby overruled.

2. Defendant asserts that the trial court erred in declaring the first reference in Item Eighth of testator's will to the "home lot" to be a typographical error intended to be in the plural so as to include both the Kidd homeplace and the garage lot. The second reference in that paragraph is to the "home lots." If defendant's interpretation of Item Eighth were to stand, her Aunt Susie would have taken an undivided 1/2 interest in fee simple in the garage tract, but a defeasible interest in each of the other properties, including the home place, conditioned upon her having a child or descendant of a child.

The trial court applied Code Ann. § 113-806, opining first that "home lot" was intended to read "home lots" as the second reference to "home lots" was an obvious reference back to the antecedent "home lot," and second that it was clear, viewing the overall testamentary scheme, that the testator was motivated by an overriding desire to keep his property within the family and to insure that it would be enjoyed by his children and their children. The trial court thus held that after the death of testator's widow, Susie and Addie acquired defeasible fees in the garage lot as well as the homeplace. We agree. *Hampton v. Dean,* 240 Ga. 205 (240 SE2d 2) (1977); Code § 113-806. The result would be the same under Item Eleventh.

3. Defendant asserts that even if Items Eighth,

Tenth, and Eleventh of the will of C. I. Kidd did limit the devises to Susie Kidd, the trial court erred in holding that Susie Kidd did not take a vested fee simple interest in 1/5 of the remainder of the estate as provided in Item Twelfth of the will. Item Twelfth provides: "I will bequeath and devise that the remainder of my property be divided equally among my children, the descendants of children sharing per stirpes in the share of their parents. Children sharing per capita and the descendants of children sharing per stirpes in the share of their parents." Plaintiff argues that to take away Susie's one-half interest in the four parcels of land and then to give her back a 1/5 interest in remainder does not make sense. She points to the language in Items Eighth, Tenth, and Eleventh stating that in the event of defeasance, the property would become the property of "my estate," and asserts that such language manifestly shows an intention to exclude the heirs of a child whose estate has been defeated.

While testator may not have contemplated having additional children, the language of Item Twelfth nevertheless creates a class gift to the children of C. I. Kidd. *Raney v. Smith,* 242 Ga. 809 (251 SE2d 554) (1979); 1 Redfearn, Wills, Ga., § 164 (4th ed.). The usual rule in the case of a devise to a class is that members of the class are to be ascertained upon the death of the testator, and to take a case out of this rule, the intention of the testator must be shown in clear and unambiguous language. *Raney v. Smith,* supra at 813; *Tate v. Tate,* 160 Ga. 449, 454 (128 SE 393) (1925). "Where a will provides that title, on a certain contingency, reverts to testator's estate, the language means that it goes to the heirs of the testator. [Cit.] And this means those who were the heirs at law of the testator at the time of his death." *Wisse v. Anderson,* 235 Ga. 255, 260 (219 SE2d 393) (1975); *Gresham v. Gannon,* 243 Ga. 269 (253 SE2d 748) (1979). All five of C. I. Kidd's children survived him at death. When Susie Kidd's half interests in the four parcels of land were defeated, they reverted to the estate. Unless the will of C. I. Kidd clearly specified otherwise, at death Susie Kidd became vested of, and could devise in her will, a 1/5 remainder interest in those half interests in fee pursuant to Item Twelfth of the will. Unlike our finding in Division 1, above, here we can find

no indication of any contrary intent in the will of C. I. Kidd. We therefore must reverse that part of the trial court's order holding that any child of C. I. Kidd dying without child or descendants could not share in the testator's estate under the residuary clause.

4. Defendant asserts that she is entitled to more than the one-fifth interest in the three devises in question which reverted to C. I. Kidd's estate because she established adverse possession by prescription and by prescription under color of title. The trial court held that defendant's aunt, Susie Kidd, during her life was holding not adversely, but pursuant to the will of C. I. Kidd. There was evidence to support his finding that after Addie Kidd's death and during Susie Kidd's life, she and her nieces (defendant and plaintiff) shared the income from these properties equally. Therefore, prescription under Code Ann. § 85-406 would not lie. The uncontroverted evidence further showed that after Susie's death in 1969, defendant and plaintiff shared the income from the three properties equally until 1979, when defendant first claimed a three-fourths interest. The trial court found that possession after the death of Susie Kidd was not adverse as to cotenants because there was no actual ouster or exclusive possession after demand, or express notice of adverse possession. Code Ann. § 85-1005. These conclusions are also supported by the defendant's purchase of the homeplace from the Kidd heirs. Without deciding whether the defendant can rely on Susie Kidd's will to show color of title, defendant here has failed to show adverse possession against her sister by prescription. *Harris v. Mandeville,* 195 Ga. 251 (24 SE2d 23) (1943).

5. Defendant asserts error in the denial of certain of her motions to strike affidavits filed by plaintiff. The primary basis of her motions was that these affidavits referred to documents which were not sworn or certified copies, or attached or served with the affidavits. Code Ann. § 81A-156 (e). The trial court found that the objection to one affidavit in that it did not have a certified copy of the minutes of the probate court attached was cured during the hearing by a stipulation between counsel that a certified copy would be filed as part of the

record. The trial court sustained objections based on failure to attach insurance policies. He found that certain other objections would have been good except for the fact that the documents in question also appeared as exhibits to the complaint, to a deposition, to affidavits of defendant, or to documents the authenticity of which was not disputed. One of the documents referred to, but not attached to plaintiff's affidavit, was C. I. Kidd's will, which was attached as an exhibit to the complaint and was admitted by defendant's answer. Defendant has failed to show harm by the overruling of her objections to the affidavits submitted on behalf of the plaintiffs. Code Ann. § 81A-161.

6. Defendant lastly asserts error in the trial court's reference to evidence from depositions of defendant which were never opened. The trial court declared that he had considered the depositions. Pertinent parts of the depositions were read at argument and cited in the briefs. Although the original depositions remained sealed, the trial court indicated in his order granting summary judgment that he had reviewed the record. We find no ground for reversal in this enumeration of error. *General Motors Corp. v. Walker,* 244 Ga. 191, 193 (259 SE2d 449) (1979); *Boyter v. Kruger,* 244 Ga. 426 (260 SE2d 335) (1979).

7. Because we have held in Division 3 that Susie Kidd took a 1/5 interest in fee simple at her death in the three parcels of property in which she had held a 1/2 interest during her life, we must remand this case to the trial court for partitioning and such other proceedings as may be necessary, not inconsistent with this opinion.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

Argued March 11, 1980 — Decided May 7, 1980 — Rehearing denied May 27, 1980.

*Joseph S. Skelton, Walter E. Leggett, Jr.,* for appellant.

*Clete D. Johnson, Heard, Leverett & Adams, E.*

*Freeman Leverett,* for appellees.