## 37188. BAILEY et al. v. JOHNSON.

PER CURIAM.

On remand following the first appearance of this case in this court, *Bailey v. Johnson,* 245 Ga. 823 (268 SE2d 147) (1980), the trial court determined that defendant Mary Hailey Bailey owned a 4/10 undivided interest in the three parcels of land involved,[1] that plaintiff Eugenia H. Johnson owned a 3/10 undivided interest in those parcels, that two other people each owned a 1/10 undivided interest therein, and that three others each owned a 1/30 undivided interest therein. The court also determined that the suit was for equitable partitioning and that the property should be sold; the receiver was directed to proceed with the sale and attorney fees were awarded.

Defendant Bailey appeals, urging that the trial court erred in treating the suit as one for equitable partitioning, in ordering the parcels sold (as opposed to being partitioned in kind), in directing the receiver (as opposed to three commissioners) to conduct the sale, and in awarding attorney fees in a suit which should have been treated as statutory partitioning.

The title and interests of the parties in dispute over construction of the will had become more complicated by defendant's claim of title by prescription. See *Bailey v. Johnson,* supra. Thus the trial court did not err in treating the suit as one in equity for partitioning. *Smith v. King,* 50 Ga. 192 (3) (1873); *Waycross Military Assn. v. Hiers,* 209 Ga. 812 (3) (76 SE2d 486) (1953); *Joel v. Joel,* 201 Ga. 520, 524 (40 SE2d 541) (1946).

In view of the unequal interests of the seven co-tenants in the three parcels involved, the court did not err in ordering the properties sold. The trial court appointed the receiver in its order which was the subject of the prior appeal, and the only error argued by defendant to such appointment on the prior appeal was that a sale should not have been ordered. On remand, the trial court did not err in directing the receiver to proceed with the sale.

At the outset of this case, the defendant asserted that she had an undivided 3/4 interest in these properties, that plaintiff had the other 1/4 interest, and that no one else had any interests. Plaintiff's counsel established that 5 other persons had, together, a 3/10 interest in the property. In this equitable suit for partitioning, the award of attorney fees from the fund arising from rental and sale of the lands involved

---

[1] One parcel consisted of 337.5 acres, one consisted of 190 acres, and the third was a single family dwelling.

was not error in view of the benefit which accrued, at plaintiff's expense, to these 5 co-tenants as against defendant's claims. See *Mills v. Williams,* 208 Ga. 425 (3) (67 SE2d 212) (1951); see also *Nixon v. Nixon,* 197 Ga. 426, 430 (29 SE2d 613) (1944).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 1981.

*Henry & Marshall, J. Hue Henry,* for appellants.
*E. Freeman Leverett, Clete D. Johnson,* for appellee.