WILEY, administrator, *v.* WOOTEN *et al.*

HILL, J. A testatrix devised certain realty to her son for and during his natural life, and at his death to go to his wife, if she survived him, for. and during her natural life; and at the death of the survivor, either himself or wife, having no children or issue of children, "the said property at the period last aforementioned to be equally divided among my other children, according to the scheme mentioned in the second and third items of my said will." The second item of the will provided that certain lands be sold as soon after the death of testatrix as practicable, and the entire proceeds of the land, and the proceeds of the notes, accounts, and other personal property of the testatrix be equally divided, share and share alike, between certain named children of testatrix. The third item of the will provided that "the above bequest to my children respectively shall be paid to their respective children in the event either one of my children shall die before I do; that is to say, each family of my grandchildren shall receive the legacy to which their parent would have been entitled had he or she been in life at the time of my death." Mrs. A., a daughter of testatrix and one of the devisees under item two of the will, died before the testatrix and before the life-tenant or his wife. Mrs. A. had two children who survived her. One of these, Florence, died after the testatrix and after the wife of the life-tenant, but before his death. Florence died testate, making several specific bequests, and gave the residue of her estate to her two named nieces, the children of her deceased brother, who are parties to this case. The life-tenants under the will died without children. The property devised to them was then sold under authority, and the proceeds held by the administrator de bonis non cum testamento annexo, undisposed of. The administrator filed his petition asking direction of the court as to whether the two nieces of Florence were entitled to participate in the distribution of the funds in his hands arising as above stated. To the judgment of the court that they were so entitled exception was taken. *Held:*

(a) Under the will the granddaughter of the testatrix, Florence, took a remainder interest in the property devised to the life-tenants named,

contingent upon the event of their death without children, or issue of children.

(b) This interest was devisable; and the life-tenants having died without leaving children, or issue of children, the nieces of Florence, as her devisees, are entitled to participate in the distribution of her remainder interest. . *Judgment affirmed. All the Justices concur.*
MAY 14, 1913.

Petition for direction. Before Judge J. B. Park. Putnam superior court. March term, 1912.

*Hall & Hall,* for plaintiff. *W. B. Wingfield,* for defendants.