## HEARD *v.* PERKINS.

No. 12893. November 14, 1939. Rehearing denied December 5, 1939.

*Kennedy, Campbell & Therrell,* for plaintiff in error.
*Giles, Peters & Spence,* contra.

Atkinson, Presiding Justice. The exception is to a judgment overruling a general demurrer to the petition in an action of complaint for land, containing also a prayer for receiver to take possession of the land and collect rents. The plaintiff is Agnes Perkins. The defendant is Arlena Heard, both of whom for convenience will hereinafter be referred to by their first names only. The allegations of the petition, taken with the exhibits, made substantially the following case: John Henry Perkins, hereinafter referred to as Perkins, died intestate on April 26, 1937, "seized and possessed of said above-described property, and that the legal title to same was vested in him by virtue of" a described recorded deed. Agnes was his wife and sole heir at law. She claims title by inheritance, and also in virtue of a deed executed by the administratrix in pursuance of a decree as will hereinafter be stated. Arlena was his concubine, and is in possession of the realty in question, claiming under an executory parol gift from Perkins. The gift was invalid, because it "was made for an illegal and immoral purpose, the condition for same being that the defendant live with the said . . Perkins as his mistress in a state of illicit intercourse and adultery." The gift being upon an illegal and immoral consideration, the possession of defendant is as trustee for the donor or his heirs at law. After the administratrix had paid all the debts of the deceased, named persons alleged to be sisters and brothers, claiming the entire estate as heirs at law of Perkins, instituted an equitable action against the administratrix for final settlement and distribution. Agnes and Arlena intervened in that suit, the former setting up her claim as wife and sole heir, and the latter setting up her claim to the realty in question under the parol gift, and praying for specific performance. The case was referred to an auditor. The auditor reported the following findings of fact:

"Perkins, after 1928, affirmed by actions and words that Agnes was his wife, and they lived together as lawful husband and wife and cohabited with each other. Prior to 1931, Arlena . . was working for Perkins, and at the time was his mistress. About 1931, . . Perkins purchased the property known as 81 Griffin Street, and set up Arlena . . as his mistress to occupy and take care of such home. At or about the time Arlena . . was put in possession . . Perkins . . orally gave her the property. . . This gift was on consideration that she live with him as his mistress, take care of the house for him, cook meals for him, and look after such of his clothes as he might have at the house. After Arlena . . took possession . . and while she was carrying out her part of the contract, both legal and illegal, between her and . . Perkins, she made some improvements on and repairs to the property at a cost totaling about $40. After 1931, and before his death, and to different disinterested witnesses, . . Perkins stated that 81 Griffin Street belonged to Arlena. . ." The auditor also reported the following findings of law: "Agnes . . is the sole heir of . . Perkins, and entitled to inherit whatever estate he owned at the date of his death. The gift to Arlena, . . made by . . Perkins about 1931, was based on an illegal and immoral consideration; and as Arlena . . is a party to that illegality and immorality, which affirmatively appears from her testimony, equity will not grant her any relief, and she is not entitled to the equitable relief sought by her intervention herein. Cf. *Garrison* v. *Burns,* 98 *Ga.* 762, 765 [26 S. E. 471]. A decree should be entered, . . decreeing that Agnes . . recover of and from the administratrix the estate of . . Perkins owned by him at his death, and decreeing that after paying costs and expenses such estate shall by the administratrix be delivered to Agnes. . . That Arlena . . suing in equity, can have no relief, because of the immorality of the contract sought to be enforced, and that her intervention should be dismissed. . ." No exception to the auditor's report was filed; and after time for filing exceptions a final decree was rendered, approving the report. There was no exception to the decree. So far as necessary to be stated, it was declared in the decree that the administratrix "is hereby authorized and directed to execute and deliver a deed, conveying all of the real estate to which . . Perkins died holding the record title,

to Agnes. . . It is further decreed that Agnes . . is the sole heir at law of . . Perkins, and is entitled to his estate; it further appearing that the auditor in his report found that the gift which the intervenor, Arlena, . . was claiming under was based upon an illegal and immoral consideration, and that equity could not grant her any relief, and that her intervention should be dismissed: It is therefore ordered, adjudged, and decreed that the intervenor, Arlena, . . can have no relief, because of the immorality of the contract sought to be enforced, and that her intervention is hereby dismissed." In pursuance of the decree the administratrix executed a deed to Agnes.

1. The doctrine pronounced in *Beard* v. *White,* 120 *Ga.* 1018 (3) (48 S. E. 400), that an executory agreement to convey property will not be enforced by the courts if the contract be based on an immoral consideration, is inapplicable to the instant case. The suit is an action of complaint for land and appointment of·a receiver. The petition alleges that the plaintiff claims as sole heir at law of one of the parties to an executory "gift" of the land, based on an immoral consideration, and that the defendant is the other party thereto claiming under the immoral transaction; also that in a former suit between other parties involving the same land, the instant plaintiff and defendant interposed by separate interventions seeking to establish their adverse claims of title to the land; that by their respective interventions they brought into controversy the immorality of the transaction; that the court in that case rendered a final decree in favor of the intervenor plaintiff in the instant case, and against the intervenor defendant in the instant case, which was not excepted to; that in pursuance of direction expressed in the decree the administratrix of the estate of the deceased party to the contract, in whose name the recorded legal title to the land in question stood, executed a deed to the plaintiff. In the alleged circumstances, whether or not the court would have applied the above-stated doctrine if invoked in the first instance, the court having exercised its jurisdiction and afforded relief on the basis of immorality of the consideration, the final decree unexcepted to as between the instant plaintiff and defendant became conclusive, and the deed executed by the administratrix to the plaintiff in pursuance of the decree caused the legal title of record of the intestate to devolve upon the plaintiff and to exclude any

supposed claim of the defendant. Under all these circumstances the question is not what the court would do in reference to transactions based on an immoral consideration, but it is what the court has done by its final decree unexcepted to.

2. The allegations are to the effect that the plaintiff and the defendant claim title from a common propositus, the former having the better title. The allegations of such character stated a cause of action, and the judge did not err in overruling a general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*