JEFFERSON *v.* BRIGHT *et al.*

No. 13119.  MARCH 13, 1940.  REHEARING DENIED MARCH 26, 1940.

868

*Leonard Farkas* and *Walter H. Burt,* for plaintiff in error.
*Hugh Shackelford* and *Rosser Malone,* contra.

ATKINSON, Presiding Justice.   It is declared in the Code, §
113-806: "In the construction of all legacies, the court shall seek
diligently for the intention of the testator and give effect to the
same as far as it may be consistent with the rules of law; and to
this end the court may transpose sentences or clauses, and change
connecting conjunctions, or even supply omitted words in cases
where the clause as it stands is unintelligible or inoperative, and
the proof of intention is clear and unquestionable; but if the clause
as it stands may have effect, it shall be so construed, however well

satisfied the court may be of a different testamentary intention." The controlling question in the instant case is upon the proper construction and application of item 2 of the will, as follows: "I will that after my debts are paid as provided in item one of this will, that my executor shall soon thereafter select three disinterested freeholders, who will divide my lands into the number of shares, as I may have children and grandchildren then living—the grandchildren, to receive only the share that their deceased parent would have received under an equal distribution of my estate; and when this division is made, then the same shall be reduced to writing, and signed by said freeholders, and then filed for record in the office of the clerk of the superior court of said county; and the part so allotted to each child or grandchild shall be by my executor turned over to each of them, and they shall hold and enjoy the same for and during their natural lives, with remainder over to their children. Should either of my children die without issue, then their portion at their death shall be equally divided among my other children, and descendants of children then living; the purpose of this will being to give the portion to be allotted as aforesaid to each of my said children and grandchildren, as a home for them for and during their natural lives, with remainder over to their children, and my grandchildren—the purpose being that the title in my grandchildren shall vest the absolute fee in them." *Held:*

1. Considered separately or in connection with the will as a whole, the intent of the testator manifested by the item quoted was to provide for children and grandchildren of the testator, but that in order for any child born of any child of the testator (grandchild) to take an interest under the will, it was necessary that the child should survive its parent. This is manifest from all the language employed, and giving effect to the clause, "should either of my children die without issue, then their portion at their death shall be equally divided among my other children, and descendants of children then living." See *Bryant* v. *Green,* 187 *Ga.* 89 (199 S. E. 804). It is unnecessary to discuss whether the adverb "then" is one of reasoning or time. In place of the word "then" might be substituted the words "in the event" a child should die without issue, the property allotted to it in the division of the estate should be equally divided among testator's children and descendants of children then living.

2.  Applying and giving effect to the will construed as above, upon the death of Virdelle, a daughter of the testator, to whom a child was born but predeceased her, the house and lot in question, being a part of the property allotted to Virdelle in the distribution of the testator's estate, vested in fee in the surviving children of the testator and children of deceased children of the testator in life at the death of Virdelle. In this ejectment suit by a child and grandchildren of the testator against Major Jefferson, a grandson of the testator, instituted after the death of Virdelle, where the rivalry was between the rights of the plaintiffs asserting title under the provisions of the will, as against the defendant claiming title in fee by purchase under a deed to him executed by Virdelle, a life-tenant, the judge did not err, under the pleadings and the evidence, in directing the verdict for the plaintiffs for undivided interests in the land, according to the provisions in the will as above construed.   *Judgment affirmed. All the Justices concur.*