McDOUGALD *et al. v.* KENNEDY.

JENKINS, Chief Justice. Construing the provisions of the will in the instant case, the testator's two named daughters took under item two of the will an indefeasibly vested remainder interest in the property covered by that item. As to the property covered by item three of the will, these same children took a remainder interest in a one-third share of the estate devised to the testator's wife for life or widowhood, which remainder interest became vested at the time the estate was divided, but was subject to be divested in favor of the respective grandchildren in the event such named children should predecease the life tenant leaving children of their own. With respect to the remainder interest sued for by the husband of one of the remaindermen, since the divesting contingency in favor of grandchildren became impossible of happening, in that this daughter had no children at the time of her dying intestate prior to the termination of the life estate, her husband was entitled to take, not under the will, but by inheritance from his wife that vested share of the estate to which his wife would have been entitled had she not predeceased the life tenant. Code, § 85-704; *Britt* v. *Fincher,* 202 *Ga.* 661 (3) (a) (44 S. E. 2d, 372); *Fields* v. *Lewis,* 118 *Ga.* 573, 574 (2) (45 S. E. 437). Since the effect of the judgment of the court below is in consonance with what is here ruled, that judgment construing the will as vesting the remainder estate is affirmed.

2. Since no exception is taken to the judgment and decree of the trial court insofar as it adjudicates the specific interests of various parties to the suit, the only point of contest under the bill of exceptions being as to whether or not the remainder estate had vested prior to the death of the life tenant, it follows that the disposition of the case as made by the trial court will be affirmed.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 15982. DECEMBER 1, 1947.

*Fred T. Lanier,* for plaintiffs in error.
*Remer Proctor, W. G. Neville,* and *Hinton Booth,* contra.