20487.   MILLER *et al. v.* BROWN *et al.*

ARGUED MAY 12, 1959—DECIDED JUNE 5, 1959.

*Sanders, Thurmond & Hester,* for plaintiffs in error.
*Lewis & Lewis, Preston B. Lewis,* contra.

WYATT, Presiding Justice. The only question involved in the construction of this will is whether the remainder over to the

grandchildren was vested prior to the death of Lois Brinson Brown or whether it was contingent until the death of James H. Brinson, Sr., the second life tenant. If the remainder vested in the grandchildren prior to the death of Lois Brinson Brown, then her interest descended to her heirs at law, and through them to the petitioners in this case. If the remainder was contingent upon the survival of a grandchild or descendant of a grandchild until the death of the second life tenant, then Lois Brinson Brown and Billy Brown, having predeceased the second life tenant leaving no descendants, took no interest in the property which the heirs at law could inherit, and the property passed to the plaintiffs in error.

Under the provisions of our law and especially Code §§ 85-704 and 85-708, and under the decisions of this court, it is well established that in Georgia the policy of the law is to favor the vesting of remainders at the earliest possible time unless the intention of the testator is clearly manifest to the contrary. *Thomas* v. *Owens,* 131 *Ga.* 248 (62 S. E. 218). In the instant case, the language ". . . is given to said children for and during the term of their natural lives only, and after their death to their children . . ." without more would clearly and indisputably give to the grandchildren a vested remainder in the estate of their grandfather, which would vest at the time of the birth of the first grandchild, subject to open and let in afterborn grandchildren. *Crawley* v. *Kendrick,* 122 *Ga.* 183 (50 S. E. 41, 2 Ann. Cas. 643); *Harris* v. *McDonald,* 152 *Ga.* 18, 25 (108 S. E. 448); *McDougald* v. *Kennedy,* 203 *Ga.* 144 (45 S. E. 2d 654). It is contended however that the language, "or representatives of deceased children, per stirpes," shows an intention on the part of the testator to create a contingent remainder, which would not vest until the death of the second life tenant, and that, since this granddaughter died before the second life tenant, leaving one son who likewise predeceased the second life tenant, leaving no descendants, there was nothing for the petitioners to inherit since no estate was ever vested in the granddaughter or her representatives. We can not agree with this contention. Where an instrument is susceptible to two constructions, the one favorable to vested and unfavorable to contingent remainders should

be adopted. *Fields* v. *Lewis,* 118 *Ga.* 573 (45 S. E. 437). Divesting clauses, especially as to remainders, following the grant of an absolute estate should be strictly construed so as to vest the estate absolutely at the earliest possible time. *Sumpter* v. *Carter,* 115 *Ga.* 893 (42 S. E. 324, 60 L. R. A. 274); *Munford* v. *Peeples,* 152 *Ga.* 31, 37 (108 S. E. 454); *Martin* v. *Citizens Bank,* 180 *Ga.* 741, 746 (180 S. E. 734). The language here under construction might be subject to two constructions. It is certainly subject to the construction that the time referred to when representatives might take under the will was the death of the testator. *Crumley* v. *Scales,* 135 *Ga.* 300 (69 S. E. 531). That is, if, at the date of the death of the testator, there is a deceased grandchild who left surviving descendants, these descendants were substituted devisees who would take their parent's share. *Crawley* v. *Kendrick,* 122 *Ga.* 183, supra; *Fields* v. *Lewis,* 118 *Ga.* 573, supra; *Crossley* v. *Leslie,* 130 *Ga.* 782 (61 S. E. 851, 14 Ann. Cas. 703).

In this connection it is significant to note that in *Crawley* v. *Kendrick,* supra, a case arising in a county which was, at the time the will in the instant case was executed, in the same judicial circuit in which the testator lived, and which was decided just six months before the will in the instant case was executed, it was held that a devise to children as a class did not include grandchildren whose parent died prior to the death of the testator. It is reasonable to believe that the scrivenor of this will, who was obviously someone familiar with legal matters, having *Crawley* v. *Kendrick,* supra, fresh in his memory, inserted the language with reference to representatives of deceased children to avoid the consequences of *Crawley* v. *Kendrick,* supra. The circumstances surrounding the execution of a will must be considered in determining the intention of the testator. *Crumley* v. *Scales,* 135 *Ga.* 300, supra; *Sumpter* v. *Carter,* 115 *Ga.* 893, supra.

We therefore hold that, since, at the death of the testator, James H. Brinson had no children, the provision of the will here in question created a contingent remainder until the birth of a child to James H. Brinson; that at that time the remainder vested in the child, subject to open and let in afterborn children,

and subject to be defeated by the death of James H. Brinson without any child or descendant of any child surviving him. *Crossley* v. *Leslie,* 130 *Ga.* 782, supra. It therefore follows that Lois Brinson Brown at her birth took a vested-remainder interest in the land here in question, subject to being defeated by an event which did not occur and the possibility of which is now extinct, and that at her death it descended to her heirs at law, James P. Brown and Billy Brown, and, upon the death of Billy Brown, his interest descended to his heirs at law, James P. Brown and Barbara Culver Brown, the petitioners in this case.

It therefore follows, the judgment of the court below was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*