24509. OWENS v. DAVIS.

Argued February 13, 1968—Decided March 7, 1968.

*Richter & Birdsong, Horace E. Richter, Ketzky & Hipp, Loeb Ketzky,* for appellant.

*Lovejoy, Mayer, Allen & Quillian, H. T. Quillian, Jr.,* for appellee.

Duckworth, Chief Justice. Perhaps much confusion in the decisions of this court has arisen because of the failure to understand clearly the true meaning of both *Code* § 85-703, which merely defines a vested remainder and a contingent remainder, and *Code* § 85-704, which confers rights upon the heirs of a remainderman who dies before the time arrives for possessing his

estate. The latter section first says, "his heirs shall be entitled to a vested-remainder interest," and this could be true only in cases of vested remainders. But it then states his heirs are entitled to "a contingent-remainder interest when the contingency is not as to the person but as to the event." This means that the "chance" held by the remainderman, and not the property, vests in the heirs of such remainderman upon his death before the happening of the event upon which his right to the property depends. Then the last sentence provides that if the contingency is as to the person, and he shall not be in life at the time the contingency happens, his heirs shall not be entitled. It is obvious that the person must be certain in order for him to pass anything to his heirs or assigns. But if the person is certain then his contingent interest or "chance" of receiving the estate can be passed to his heirs or assigns. It comes down to the simple fact that Code § 85-704 gives to the chance of a remainderman that is limited to an event, whether it be certain to occur or may not occur, the status of property which is assignable or inheritable. It must be recognized that Code § 85-703 merely defines terms but confers no rights, while Code § 85-704 specifically confers rights upon the heirs of a remainderman who dies before time for him to receive the estate. Such rights are absolute as to the interest of the remainderman, which obviously refers to vested remainders, but as to contingent remaindermen it is conferred only when the contingency is, not as to the person but, as to the event, whether certain or uncertain.

Therefore, where the remaindermen are specifically named as the children of H. D. Owens, no illumination upon the case will be gained by reading the numerous decisions such as *Allen v. Whitaker*, 34 Ga. 6; *Olmstead v. Dunn*, 72 Ga. 850; *Morse v. Proper*, 82 Ga. 13 (8 SE 625); *Padgett v. Hatton*, 200 Ga. 209 (36 SE2d 664); *Britt v. Fincher*, 202 Ga. 661 (44 SE2d 372), where extended discussions of vested and contingent remainders are set forth and with some possible conflict. The remainder in this case was certain as to the children of H. D. Owens, but contingent upon the uncertain event of Mrs. Thrash's dying without children. Therefore, upon the death of one of H. D. Owens' children before the death of Mrs. Thrash, its heirs inherited the

interest of that child which was contingent upon the event of Mrs. Thrash's dying without children. Consequently Mrs. Mary Exa Willets Davis, being an ultimate assignee of this interest, is entitled to share the remainder estate equally with H. D. Owens, Jr., the other contingent remainderman. Thus the trial court did not err in so holding, and accordingly, the

*Judgment is affirmed. All the Justices concur.*