24409. ARNOLD v. RICHARDSON et al.

PER CURIAM. This is a declaratory judgment action for construction of a will. Item 3 thereof provides: "After the death of my wife [who was previously given a life estate], I give, bequeath and devise unto my three children, to wit: Everard D. Richardson, Marion S. Richardson, and Mrs. Florine Richardson Van Cleave for and during their natural lives all my property, share and share alike, with remainder to their children. Upon the death of any of my children, his child or children shall immediately succeed to the interest and share of such deceased child and parent. Should any of my children die without issue, that is without child or children, him or her surviving, then the share bequeathed and devised herein to such child for life shall go to and vest in the children of my

182

other children, that is my grandchildren, each set of grand-children, should there be more than one set of grandchildren at the death of the last of my children herein named, to take as a class and not per capita."

Item 4 in part provides: ". . . it being my wish that my estate in its present form, so far as possible, should go ulti-mately to my children and grandchildren, in such manner and as provided in Item Three of my will."

The testator died in 1926 and his wife in 1933. In 1947 Mrs. Florine Richardson Van Cleave died without ever having any children. In 1964 Everard D. Richardson died with one son, Leonard B. Richardson, surviving him, one son, Everard D. Richardson, Jr., having died without issue in 1953. Both grandsons were in life at the death of the testator. In 1967 Marion S. Richardson died without ever having any children. The deceased son of Everard D. Richardson (grandson of the testator) devised his entire estate to his wife. The surviving grandson of the testator claims the entire estate of his grand-father and the wife of the deceased grandson claims one-half of it. The trial court found that the surviving grandson was entitled to the entire estate and this appeal is from that judg-ment. *Held:*

"In construing a will the court is required to examine it as a whole and to search diligently, for the intention of the tes-tator as the same may be revealed therein. *Code* § 113-806; *Sproull v. Graves,* 194 Ga. 66 (20 SE2d 613) ; *Mills v. Tyus,* 195 Ga. 119 (23 SE2d 259) ; *Yancey v. Grafton,* 197 Ga. 117 (27 SE2d 857) ; *Blakeman v. Harwell,* 198 Ga. 165 (31 SE2d 50). This search for the intention of the testator should be made by two methods: (1) by looking to the will as a whole, and (2) by scrutinizing every phrase that it contains. *Comer v. Citizens & Southern Nat. Bank,* 182 Ga. 1 (185 SE 77). These and other rules of law governing the construction of wills are so well understood that they require no further dis-cussion here. It is not rules of law but rather the meaning of the verbiage of the will that presents the difficulty we en-counter in reaching a decision." *Patterson v. Patterson,* 208 Ga. 17, 20 (1) (64 SE2d 585).

In the instant case the language "I give . . . unto my three children . . . during their natural lives all my property, share and share alike, with remainder to their children," without more, would clearly and indisputably give to the

grandchildren a vested remainder in the estate of their grandfather. *Miller v. Brown*, 215 Ga. 148 (109 SE2d 741). However, it is apparent that the following sentence: "Upon the death of any of my children, his child or children shall immediately succeesd to the interest and share of such deceased child and parent" was inserted for the purpose of qualifying the preceding sentence and the testator thereby manifests an intention to vest the estate in the children surviving their parent. In our opinion the word "immediately succeed" must necessarily relate to a living person. Therefore, in the first portion of the devise, we conclude that the testator intended to create a contingent remainder in the children of each life tenant conditioned upon their surviving their parent. This conclusion is further supported by the latter portion of the devise which manifests the same intention. It directs that should a life tenant die "without child or children, him or her surviving" such estates "shall go to and vest in the children of my other children, that is my grandchildren, each set of grandchildren should there be more than one set of grandchildren at the death of the last of my children herein named, to take as a class and not per capita." A careful reading of this provision discloses that the testator intended that these estates were to vest at the death of the last life tenant in the grandchildren surviving at that time. We have reached this conclusion from the words "go to and vest . . . at the death of the last of my children" as above provided. We believe this language manifests an intention of the testator to withhold the vesting of these estates until the death of the last life tenant at which time the survivors can be ascertained. Accordingly, we conclude that the contingency expressed in this portion of the devise is also as to the person. To hold otherwise would permit the heirs of deceased "children of my other children" to inherit but at the same time deny the heirs of deceased children of the life tenant the right to inherit. *Britt v. Fincher*, 202 Ga. 661 (5) (44 SE2d 372); *Jefferson v. Bright*, 189 Ga. 866 (8 SE2d 21). The result we have reached is in accord with Item 4 by which the testator expressed his wish that his estate "should go ultimately to my children and grandchildren."

Therefore, the trial court did not err in finding that the surviving grandson, Leonard B. Richardson, was entitled to the entire estate of his grandfather.

184

*Judgment affirmed. All the Justices concur, except Mobley, Grice and Undercofler, JJ., who dissent. Duckworth, C. J., concurs specially.*

ARGUED DECEMBER 11, 1967—DECIDED MARCH 7, 1968—
REHEARING DENIED MARCH 21, 1968.

*Lokey & Bowden, Henry L. Bowden, John A. Nix*, for appellant.

*William W. Mundy*, for appellees.

DUCKWORTH, Chief Justice, concurring specially. I fully concur in the opinion by the majority, but I think there is another solid reason why the wife of a grandson can not take. However much our decisions may appear to conflict on other rulings, there is no conflict in the holding that the intent of the testator, if discoverable, must control. This testator left no doubt of his intention that none but "grandchildren" could take where a child died without children him or her surviving. This could only mean that without a surviving child, even though his child had a dozen deceased children who left either a wife or husband, none of the estate could go to such person or persons. It is unreasonable to attribute to the mind that thus expressly excluded such spouses of grandchildren an intention that as to his children dying with one child surviving him and one predeceasing him, a complete about-face was intended so as to give the wife of a non-surviving grandchild a part of the estate. When making his will he could not foresee which of his three children would have children him or her surviving. Therefore, the conclusion is irresistible that he intended all to be treated alike, hence only grandchildren, and not their wives or husbands should take. He even spelled out his intention when he said it was his intention that his children and grandchildren should take.

UNDERCOFLER, Justice, dissenting. "The law favors the vesting of remainders in all cases of doubt. In construing wills, words of survivorship shall refer to the death of the testator in order to vest remainders, unless a manifest intention to the contrary shall appear." *Code* § 85-708. "If the remainderman shall die before the time arrives for possessing his estate in remainder,

his heirs shall be entitled to a vested-remainder interest, and to a contingent-remainder interest when the contingency is not as to the person but as to the event." *Code* § 85-704.

"Under the provisions of our law and especially *Code* §§ 85-704 and 85-708, and under the decisions of this court, it is well established that in Georgia the policy of the law is to favor the vesting of remainders at the earliest possible time unless the intention of the testator is clearly manifest to the contrary. *Thomas v. Owens*, 131 Ga. 248 (62 SE 218). In the instant case, the language '. . . is given to said children for and during the term of their natural lives only, and after their death to their children . . .' without more would clearly and indisputably give to the grandchildren a vested remainder in the estate of their grandfather, which would vest at the time of the birth of the first grandchild, subject to open and let in afterborn grandchildren. *Crawley v. Kendrick*, 122 Ga. 183 (50 SE 41, 2 AC 643); *Harris v. McDonald*, 152 Ga. 18, 25 (108 SE 448); *McDougald v. Kennedy*, 203 Ga. 144 (45 SE2d 654). It is contended however that the language, 'or representatives of deceased children, per stirpes,' shows an intention on the part of the testator to create a contingent remainder, which would not vest until the death of the second life tenant, and that, since this granddaughter died before the second life tenant, leaving one son who likewise preceded the second life tenant, leaving no descendants, there was nothing for the petitioners to inherit since no estate was ever vested in the granddaughter or her representatives. We can not agree with this contention. Where an instrument is susceptible to two constructions, the one favorable to vested and unfavorable to contingent remainders should be adopted. *Fields v. Lewis*, 118 Ga. 573 (45 SE 437). Divesting clauses, especially as to remainders, following the grant of an absolute estate should be strictly construed so as to vest the estate absolutely at the earliest possible time. *Sumpter v. Carter*, 115 Ga. 893 (42 SE 324, 60 LRA 274); *Mumford v. Peeples*, 152 Ga. 31, 37 (108 SE 454); *Martin v. Citizens Bank*, 180 Ga. 741, 746 (180 SE 734). The language here under construction might be subject to two constructions. It is certainly subject to the construction that the time referred to when representatives

might take under the will was the death of the testator. *Crumley v. Scales*, 135 Ga. 300 (69 SE 531)." *Miller v. Brown*, 215 Ga. 148, 150 (109 SE 741). See *Bryant v. Green*, 187 Ga. 89 (199 SE 804).

The testator in this case was a medical doctor who drafted his own will and in my opinion the intentions expressed therein are evident. First, it should be observed that in the opening sentence of Item 3 the testator devised his estate to his three children for life with remainder to their children. Without more, this created a vested remainder in the grandchildren as a class. Second, it should be observed that the law recognizes two vestings of a remainder, one of the title and one of the possession. *Crawley v. Kendrick*, 122 Ga. 183, 184 (50 SE 41, 2 AC 643).

"The law presumes that the words of postponement relate to the enjoyment of remainder rather than the vesting thereof, and the intent to postpone the vesting of the estate must be clear and manifest. The general rule is that where a testator creates a particular estate, and then goes on to dispose of the ulterior interest, expressly, in an event which will determine the entire estate, the words descriptive of such event, occurring in the latter devise, will be construed as referring merely to the period of the determination of the possession or enjoyment under the prior gift, and not as designed to postpone the vesting." 1 Redfearn on Wills (3d Ed.) 474, 476, § 177.

I think it is apparent that the testator was concerned only with the time of possession of the remainder in the latter part of Item 3. He indicated clearly that if any of the life tenants died leaving children, such children should have immediate possession of his portion of the estate. However, if a life tenant died without children surviving, the vesting of the possession was delayed until the death of the last life tenant. 33 AmJur 566, § 110.

Accordingly, I construe this will as giving to the two grandchildren vested remainders at the death of the testator and the wife of the deceased grandson is entitled to one-half of the estate.

GRICE, Justice, dissenting. I cannot agree with the construction given Item 3 by the majority opinion or that of Chief Justice Duckworth or Mr. Justice Undercofler. However, I am in accord with the result reached by Mr. Justice Undercofler.

In my view the first portion of this item, which recites that "after the death of my wife, I give  . . .  unto my three children  . . .  for and during their natural lives all my property, share and share alike, with remainder to their children," unquestionably created vested remainder interests to their own parent's share of the estate in the grandchildren in life at the testator's death. This vested remainder would be subject to open for other children born to that parent, but would not be subject to divestment upon their predeceasing their parent, since survivorship is not required by this language. See *Code* § 85-706; *Olmstead v. Dunn,* 72 Ga. 850, 860-861; *Lumpkin v. Patterson,* 170 Ga. 94 (2) (152 SE 448) (one Justice dissenting).

The next sentence of Item 3, "Upon the death of any of my children, his child or children shall immediately succeed to the interest and share of such deceased child and parent," serves to make clear the testator's intention that the remainder interests created by the first sentence were to vest in possession immediately upon the death of the parent. I see no requirement by it that the grandchildren must survive their parent in order to receive that parent's share, as held by the majority. Also, this sentence makes it clear that the vested remainders created by the first portion of the item are as to the grandchildren's own parent's share only, and negatives the position, taken by the other dissent, that the first sentence of this item created a vested remainder in the entire estate to the grandchildren as a class.

The last sentence in Item 3 further negatives the construction that this item created a vested remainder to the grandchildren as a class. It creates remainders in all of the grandchildren as to the share of any child of the testator who dies without leaving children surviving, and expressly provides that if there is more than one set of grandchildren, this remainder shall not be to all of the grandchildren as a class, but that each set shall constitute a class.

Thus, under the above quoted portions of Item 3, the two grandchildren in life at the death of the testator, Leonard B. Richardson and Everard D. Richardson, Jr., were vested with remainder interests in their father's one-third share of the life estate. When Everard, Jr., died before his father, his heirs were

entitled to his vested remainder interest. *Code* § 85-704. Under his will this went to his widow, the appellant here. Therefore, upon the death of his father, she was entitled to Everard, Jr.'s one-half of his father's share of the testator's estate.

As to disposition of the shares of the testator's other two children, Mrs. Florine Richardson Van Cleave and Marion S. Richardson, the last sentence of Item 3 provides: "Should any of my children die without issue, that is without child or children, him or her surviving, then the share bequeathed and devised to such child for life shall go to and vest in the children of my other children, that is my grandchildren, each set of grandchildren should there be more than one set of grandchildren at the death of the last of my children herein named, to take as a class and not per capita." This sentence created contingent remainders in the testator's grandchildren in life at his death as to the shares of his children who were then childless, subject to open and let in afterborn grandchildren. This contingency was as to an event, the two childless children dying without leaving children surviving. See *Morse v. Proper*, 82 Ga. 13 (8 SE 625); *Wiley v. Wooten*, 140 Ga. 16 (78 SE 335).

In my view, the majority misconstrue this last sentence of Item 3. From the language "go to and vest . . . at the death of the last of my children . . ." they reach the conclusion that "the testator intended that these estates were to vest at the death of the last life tenant in the grandchildren surviving at that time." However, when the entire sentence is considered, it will be seen that the phrase "at the death of the last of my children" relates to the testator's intention as to *how* the grandchildren are to take, rather than as to the time of the vesting of their interest under this portion of the item. The language is: "go to and vest in the children of my other children, that is my grandchildren, each set of grandchildren should there be more than one set of grandchildren at the death of the last of my children herein named, to take as a class and not per capita." There is no requirement here of survivorship, and no indication of any intent to withhold the vesting of interest or title until the death of the last life tenant. The vesting of title and the vesting of possession are different and may occur

at different times. *Crawley v. Kendrick,* 122 Ga. 183, 184 (50 SE 41).

Therefore, when the testator's daughter Mrs. Van Cleave died in 1947 leaving no children, the event upon which the remainders as to her share were contingent occurred, and the two grandchildren's remainders as to her share became vested, subject to opening to include other grandchildren born before distribution and vesting of possession at the death of the last life tenant. So when Everard, Jr., died in 1953, he had a vested remainder as to some part of Mrs. Van Cleave's share, the amount depending on whether more grandchildren were born later. He devised this vested interest to his widow, the appellant here. No other grandchildren were born, so at the death of the last life tenant in 1967 and the vesting of possession, Everard, Jr.'s widow and devisee was entitled to one-half of Mrs. Van Cleave's share of the testator's estate.

Everard, Jr., died before Marion, the last life tenant, so no part of this share vested in Everard, Jr., during his lifetime. At his death Everard, Jr., still had a contingent remainder as to one-half of this share, contingent still on an event, Marion not leaving children surviving. Marion died childless, so Everard, Jr.'s widow and devisee took his one-half interest in this share since it was contingent on an event, not a person, and hence transmissible. See *Code* § 85-704.

Therefore, Everard D. Richardson, Jr.'s widow and devisee, the appellant here, is entitled to one-half of the property passing under Item 3.

This result is entirely consistent with the testator's desire, expressed in Item 4, that his estate ". . . should go ultimately to my children and grandchildren." Under the view expressed in this dissent, the estate did go ultimately to the grandchildren. The appellant takes because one of them by his will left his share to her.

For the foregoing reasons I would reverse the judgment.

I am authorized to state that Mr. Justice Mobley concurs in this dissent.