26260. JOHNSTON et al. v. DUNCAN et al.

UNDERCOFLER, Justice. This case involves the construction of a will. The appeal is from the trial court's order granting certain motions for summary judgment and denying others as will appear in the opinion. *Held:*

1. Appellants complain that, "The trial court erred in construing Item 5 of the will of Georgia E. J. Jones to create a life estate in James M. Jones, with a vested reversionary interest in each of the five children of the testatrix living at the time of her death, said vested reversionary interest subject to being divested should James M. Jones die leaving children." This issue was decided in *Webb v. Jones,* 221 Ga. 754 (146 SE2d 910) contrary to the trial court's judgment in the instant case. Regardless of the correctness of that decision, it cannot be relitigated. *Heard v. Perkins,* 189 Ga. 402, 404 (5 SE2d 773); *Lankford v. Holton,* 196 Ga. 631 (27 SE2d 310); *Code* § 110-501. The defense of res judicata was plead and proved in the trial court.

For this reason, the summary judgments granted by the trial court which apportion the estates devised in Item 5 differently from the holding in *Webb v. Jones,* supra, are erroneous.

2. Appellants complain that, "The trial court erred in construing Item 6 of the last will and testament of Georgia E. J. Jones as creating a life estate in Daisy F. Johnston followed by a life estate in W. L. Johnston with a vested reversionary interest in each of the five children of Georgia E. J. Jones living at the time of her death, said vested reversionary interest subject to being divested should Daisy F. Johnston die leaving children."

Item 6 provides: "I give to my daughter, Daisy F. Johnston, for and during her natural life, and at her death to her children fifty acres of land. . . [description omitted]. Should the said Daisy F. Johnston die without issue, then said land is hereby given to her husband W. D. Johnston, for and during his natural life and at his death, said land is to revert to my estate or to me, and then to be divided equal with my children share and share alike, and if any of my children are then dead, then the part that would have gone to them is to go to their children equally."

Daisy F. Johnston survived the testatrix and predeceased her brother and three sisters in 1949 without ever having children. She was survived by her husband, W. D. Johnston, who died in 1969.

Appellants argue that the remainder estate vested at the death of W. D. Johnston in the testatrix' children living at the death of W. D. Johnston and in the children of the testatrix' children who predeceased W. D. Johnston. We do not agree.

The devises in Item 6 are generally denominated alternative contingent remainders or remainders on a contingency with a double aspect. Mitchell, Real Property (1945) pp. 257-259; Restatement of the Law, Property, Future Interests (1940), Vol. III, pp. 1436-1439, § 278; 4A Thompson on Real Property 490, § 1996. The contingency is the death of the first life tenant dying without issue. *Olmstead v. Dunn,* 72 Ga. 850, 861. The contingency, namely dying without issue, is an event. *Owens v. Davis,* 224 Ga. 146 (160 SE2d 352).

Therefore all the children including the life tenant, Daisy F. Johnston, had remainder estates which were transmissible. *Code* § 85-704; *Morse v. Proper,* 82 Ga. 13 (8 SE 625); *Crawford v. Clark,* 110 Ga. 729, 738 (36 SE 404); *Wiley v. Wooten,* 140 Ga. 16 (78 SE 335).

The life tenant may also take a remainder interest. *Schriber v. Anderson,* 205 Ga. 343 (3) (53 SE2d 490).

The portion of Item 6 stating, ". . . and if any of my children are then dead, then the part that would have gone to them is to go to their children equally" will not support a conclusion that the remainder was contingent as to the person. *Crossley v. Leslie,* 130 Ga. 782 (5) (61 SE 851, 14 AC 703); *Gay v. Graham,* 218 Ga. 745 (130 SE2d 591). See *Britt v. Fincher,* 202 Ga. 661 (44 SE2d 372). *Fourth Nat. Bank v. Brannon,* 227 Ga. 191 (179 SE2d 232), is not contrary to this holding. The conclusion reached there was predicated upon the intention of the testator expressed in the entire will. In the instant case, no such intention is expressed. On the contrary, Item 9 of the will states, "If I should leave any other property at my death and the death of my husband I give it to my children share and share alike, to be equally divided between them without administration, and

should any of my children be then dead, their part to go to their children, and if no children, then to be divided among my other children." The latter part of this item is almost identical to the latter part of Item 6. In Item 9 the testatrix is speaking of children who predecease her. We think this additionally supports the same conclusion here reached as to Item 6.

Accordingly, the trial court did not err in granting summary judgment that the remainder interest devised in Item 6 descended equally to the five children of the testatrix Georgia E. J. Jones.

3. Appellants complain that, "The trial court erred in appointing commissioners and directing a sale of the property described in Item 6 of the last will and testament of Georgia E. J. Jones."

We find no error. The estate consists of approximately 50 acres with fractional interests as small as 1/280ths vested in great grandchildren of the testatrix. A division in kind is virtually impossible. *Code Ann.* § 113-1706; *McGowan v. Lufburrow,* 82 Ga. 523 (1) (9 SE 427, 14 ASR 178).

4. Enumeration of error No. 3 was not argued and is deemed abandoned.

*Judgment reversed in part, affirmed in part. All the Justices concur.*

Argued January 13, 1971—Decided February 15, 1971.

*Stark & Stark, Homer M. Stark,* for appellants.

*R. F. Duncan, Smith & Harrington, Will Ed Smith, A. W. Franklin Bloodworth, Hansell, Post, Brandon & Dorsey, Jefferson D. Kirby, III, Glyndon C. Pruitt,* for appellees.