33906. RANEY et al. v. SMITH et al.

BOWLES, Justice.

Appellants brought suit against appellees to recover title to Land Lot 198 in the 13th Land District of Turner County. All parties claim title from a common source, Mark Raney, who bought the land in the year 1901, and died in possession in 1910. The will of Mark Raney devised the disputed land, and the provisions of that document and their meaning present the question for determination. We quote the more pertinent parts as follows:

"Item Four. To my son, James Stump Rainey [sic], I give and bequeath lot of land No. one hundred and ninety eight in the 13th Land District of originally Dooley, now Turner County, subject to the limitations hereinafter expressed."

"Item Ten. The gifts and bequests made in previous items of this my last will and testament to my sons and daughters, to-wit, James Stump Raney . . . each of said bequests mentioned in this item of this my last will and testament is made only for the life time of such donee or devisee, each separately, and at the death of such devisee

to go to the bodily heirs, only of such devisee; and in case either of such devisees shall die without bodily heirs, then and in that event, the same shall go and descend to, so far as the bequests to such deceased child is made, my heirs at law for distribution among them per stirpes and not per capita."

James Stump Raney survived Mark Raney and entered into possession. Mark Raney was also survived by his wife and his seven other children. James Stump Raney married, but died childless on May 13, 1974. During the lifetime of James Stump Raney, the wife of Mark Raney and each of the eight children transferred by deed their interest in the subject land. By successive conveyances and by inheritance, the titles conveyed by those deeds culminated in Kenneth R. Smith, the principal defendant in this case. All the plaintiffs and some named defendants other than Smith are descendants of Mark Raney, who also survived the life tenant James Stump Raney.[1] Two of the plaintiffs are Mark Raney's surviving children.

All facts and documents in this case are without substantial dispute. Appellants, defendant Smith, and certain other nominal defendants filed motions for summary judgment. Appellants' motion was denied. Appellees' motion for summary judgment was granted, the court holding that the will of Mark Raney gave an alternative contingent remainder interest in the property to the heirs of Mark Raney determined as of the time of his death, which remainder interest was validly conveyed by deeds from Mark Raney's wife and children, and appellants, as plaintiffs, have no further interest in the land. Although the terminology used in the summary judgment may not be entirely accurate, the result reached is correct. We affirm.

Capable counsel for the appellants contends that "heirs at law" as used in Item Ten of decedent's will includes only those who answer that description on the date of death of the life tenant, and includes descendants

---

[1]Although the suit was brought for the benefit of all descendants of Mark Raney, some did not join as plaintiffs and were named as defendants.

of deceased children. Capable counsel for appellees contends that "heirs at law" are those who answer that description on the date of the death of the testator. These contentions set forth the issue for determination by this court.

From Georgia decisions we reach the obvious conclusion that there is little certainty or uniformity as to what language creates a particular interest. There is also conflict in several instances. If the language contained in the testator's will was entirely clear and certain, there would be no reason for argument and no lawsuit. If we could ask the testator his intention we might get a surprising answer. However, the processes of our courts cannot reach into eternity and as there have been no human travelers from that mystic place we must determine Mark Raney's intention by what he wrote, and to a limited degree, by the surrounding facts at the time of his demise.

The majority rule, and virtually the unanimous rule, is that a devise of land is presumed to be vested and not contingent. 5 American Law of Property, § 21.3(a); 2 Simes & Smith, The Law of Future Interests, § 573 (2d Ed. 1956). Additionally, there is a strong presumption in favor of early vesting rather than more remote vesting. Georgia has included these doctrines in Code Ann. § 85-708 which provides, "The law favors the vesting of remainders in all cases of doubt. In construing wills, words of survivorship shall refer to the death of the testator in order to vest remainders, unless a manifest intention to the contrary shall appear."

We have repeatedly held that a remainder will never be construed to be contingent when it can be construed as vested. *Miller v. Brown,* 215 Ga. 148 (109 SE2d 741) (1959); *Gilmore v. Gilmore,* 197 Ga. 303, 315 (29 SE2d 74) (1944); Wills and Administration in Georgia, Redfearn, 1965 Ed. § 177. "If the estate in remainder be a defeasible fee, the law favors the construction which makes the fee absolute at the earliest time consistent with the intent of the testator, as expressed in the will." *Sanders v. First Nat. Bank of Atlanta,* 189 Ga. 450, 452 (1) (6 SE2d 294) (1939). Such presumption will give way only if there is a clear intent to make the interest subject to a contingency.

*Britt v. Fincher,* 202 Ga. 661 (44 SE2d 372) (1947).

James Stump did not have any children at the time of his father's death. The interest of any prospective child was contingent as to the person. Recognizing the fact that his son might never have a child in which the remainder might vest, Mark Raney provided that after his son's life estate and his dying without bodily heirs, the property would go to the testator's heirs at law. We conclude such provision gave Mark Raney's heirs at law a vested remainder interest, subject to being divested in the event there was a child born to the life tenant, or a vested interest in a contingent remainder. 1 Simes & Smith, § 112; Leach & Logan, Cases and Text On Future Interests and Estate Planning, pp. 253-254 (1961).

It can be argued with equal logic that the words contained in the testator's will created alternative contingent remainders or remainders on a contingency with a double aspect. *Johnson v. Duncan,* 227 Ga. 298 (180 SE2d 348) (1971). The interest devised to testator's heirs at law under this interpretation would be a contingent interest as to the event, the event being the life tenant dying childless. *Owens v. Davis,* 224 Ga. 146 (160 SE2d 352) (1968). Such estates are permissible under Georgia law, Code Ann. §§ 85-702, 113-816. *Knowles v. Knowles,* 132 Ga. 806 (65 SE 128) (1909).

In this case the result is the same, whichever label is used to describe the contingency.

A descendable interest is created in a contingent remainder where the person or persons to take are certain but the gift is contingent upon the happening of a certain event (*Owens v. Davis,* supra; *Todd v. Williford,* 169 Ga. 543 (150 SE 912) (1929); *Jossey v. Brown,* 119 Ga. 758, 764 (47 SE 350) (1904)), and an interest that is descendable is usually otherwise transmissible. Code Ann. § 29-103. See also *Seymour v. Presley,* 239 Ga. 572 (238 SE2d 347) (1977); *Phelps v. Palmer,* 192 Ga. 421 (15 SE2d 503) (1941); *Shockley v. Storey,* 185 Ga. 790 (196 SE 702) (1938); *Todd v. Williford,* supra; *Irby v. Smith,* 147 Ga. 329 (93 SE 877) (1917). Georgia Real Estate Law, Pindar § 7-156.[2] However, if the contingency is to the person, and

---

[2]But see Pindar § 19-21 for those interests which are

that person is not in esse at the time when the contingency happens, his heirs shall not be entitled. Code Ann. § 85-704.

Appellants urge that Mark Raney, by using the word "then" in juxtaposition with the words "and in that event," intended "then" as an adverb of time, and thus, "my heirs at law" includes only those heirs of Mark Raney living at the death of the life tenant. They cite *Tate v. Tate,* 160 Ga. 449, 454 (128 SE 393) (1925).

While words in *Tate* do lend weight to appellants' position, the holding reaches the opposite result. There the testator directed, "if Lena and Amanda die leaving no child or children or grandchildren, then in that event the property not disposed of in their lifetime revert [sic] back to those who now by law would be entitled to the same if I had made no will." The decision holds, "(a) In case of a devise to a class the general rule is that members of the class are to be ascertained upon the death of the testator, since the will usually speaks from that date, and to take the case out of the general rule the *intention to do so must be shown in language clear and unambiguous.*" (Emphasis supplied.)

Additionally, this court has construed the word "then" to be synonymous with the words "in that event" in the phrase "then in that event" where there is nothing in a will to indicate that the testator did not intend that his heirs at law be determined as of the date of his death. *Wisse v. Anderson,* 235 Ga. 255, 260 (219 SE2d 393) (1975). See also *Bryant v. Green,* 187 Ga. 89 (199 SE 804) (1938) and *Gilmore v. Gilmore,* supra. The words when used together in a common phrase, without more, in the devise of a remainder after a present estate, determinable on two events, one of which will happen and will cause the remainder to vest in possession, are construed to relate to the time of enjoyment of the estate and not to the time of vesting in interest. To hold otherwise would violate basic precepts of our law.

---

not conveyable. Also see *Franks v. Sparks,* 217 Ga. 117 (121 SE2d 27) (1961) which has been severely criticized. Chaffin, Wanted: Complete Alienability of Future Interests in Georgia, 24 Ga. B. J. 363.

"Heirs" as well as the equivalent "heirs at law" designate prima facie persons ascertained as of the death of him whose heirs are referred to. 65 ALR2d 1413, § 6; 127 ALR 604; 169 ALR 208; 28 AmJur2d 112, Estates, § 34; *Gay v. Graham,* 218 Ga. 745 (130 SE2d 591) (1963). A man has heirs at law who inherit from him at only one time and that is at the moment of death. Prior to death, his children and possibly his wife (and if none of these his next of kin) are heirs expectant and have no vested inheritable rights.[3] They continue to be heirs only because they attained that identity at their ancestor's death.

We conclude that the testator, in using the term "my heirs at law," was referring to those persons who would inherit his real estate from him, had he died intestate. Had he intended to name descendants or had he intended to include those heirs at law or descendants of heirs at law who survive the life tenant, he could have easily done so.

Appellants argue that by using the phrase "to my heirs at law for distribution among them *per stirpes* and not *per capita*" (emphasis supplied), testator intended for only lineal descendants to take which would require that Mark Raney's heirs at law be determined at the death of James Stump Raney. We do not agree. Here the testator by using the words "my heirs at law for distribution among them per stirpes and not per capita" shows his intention to avoid per capita distribution of the remainder interest to his heirs as a class at the date of his death. See *Roe v. Reddick,* 202 Ga. 171 (42 SE2d 358) (1947); 13 EGL 257, Future Interests, § 31. This does not indicate to us an intention on the testator's part that remote descendants take and certainly not a clear and unambiguous intention that they do so.

We conclude that the words "then and in that event the same shall go and descend to my heirs at law" refers to the vesting of possession and not of title. See *Walters v. Suarez,* 188 Ga. 190 (3 SE2d 575) (1939); *Irvin v. Porterfield,* 126 Ga. 729 (55 SE 946) (1926); *Milner v. Gay,*

---

[3] *Harper v. Harper,* 241 Ga. 19 (243 SE2d 74) (1978); *Dailey v. Springfield,* 144 Ga. 395 (87 SE 479) (1915).

145 Ga. 858 (90 SE 65) (1916). In this case all the children survived their father, Mark Raney, and the created remainder interests vested in them as of the date of their father's death.

In *Gay v. Graham,* supra, the testator devised lands to his wife for life, and at her death the land was to be sold and the proceeds "divided among my surviving children, and the children of my deceased children, per stirpes." The words there used, except for the contingent remainder to James Stump Raney's children, are very similar to the words used by Mark Raney. We held there conclusively that the language of survivorship was held to refer to the death of the testator rather than the death of the life tenant.

In *Johnston v. Duncan,* 227 Ga. 298 (180 SE2d 348) (1971), the testatrix devised a life estate to A, her daughter, and then to A's children, but if she should die without issue, to A's husband for life, and at his death to be equally divided among testatrix' children. A survived the testatrix, died without issue, and was survived by her husband. We held that the devise created a contingent remainder interest in all five of testatrix' children including A, and not just in those who survived to the date of distribution. The contingent event was the death of A without issue, and not survival to the time of possession and enjoyment, the death of A's husband. The result of that decision was to create in all members of the class (including the testatrix' deceased children, whose estates would receive their fractional shares) future interests transmissible before the death of the life tenant. Thus, A received both a life estate and a fractional share of the remainder gift in fee.

All of the children of Mark Raney, including the life tenant James Stump Raney, had remainder interests in the subject lands as of their father's death, possession to which was postponed during the outstanding life estate of James Stump Raney. These interests were transmissible by them. Such interests not having been divested by any child born to James Stump Raney, upon his death, the right to possession merged with such interests of Mark Raney's children and inured to the benefit of their grantees by deed and to their grantees' successors in title.

The testator Mark Raney also left his wife a life interest in substantial other lands saying "and at her death the same shall revert to my heirs at law for distribution, per stirpes and not per capita. . ." This item in favor of the wife for life and the ultimate disposition of that real estate likewise left the remainder interest to the testator's heirs at law for distribution, per stirpes and not per capita. Surely he did not expect his wife to live the same period of time he expected his children to live, yet he made the same disposition of the remainder interest. We think this additionally supports the conclusion reached.

*Judgment affirmed. All the Justices concur.*

Argued September 13, 1978 — Decided January 5, 1979.

*Watson, Spence, Lowe & Chambless, E. Dunn Stapleton, G. Stuart Watson,* for appellants.

*David N. Rainwater, Hugh Wilson, John S. Sims, Jr.,* for appellees.