### 34915. WOOD et al. v. ROBERTS et al.

PER CURIAM.

This is an appeal from a declaratory judgment holding the appellees to be takers under a will which is the subject of this suit.

Alex Reeves, the testator, died in 1970. The pertinent items as set forth in his will and codicils thereto are as follows:

"ITEM FIVE

"All the rest and residue of my estate of whatever kind and wherever located, and including any lapsed legacies, I give, bequeath and devise to my Trustee, in trust for the uses and purposes hereinafter stated, and I name as Trustee my great-niece, Virginia Reeves Sellars."

"ITEM SIX

"My chief income producing property is that located at 47-55 Hunnicutt Place, N.W., Atlanta, Georgia, and is now under lease to Harry Sommers, Inc., under a twenty-five year lease. A one fourth interest in said real estate is now vested in my daughter, Nellie Reeves Floyd, under the Will of her mother, Mrs. Bertie Reeves, who as my wife, recieved [sic] this interest in said property from me. An additional one fourth interest in said property has been conveyed by me during my lifetime to my great-niece, Virginia Reeves Sellars, so that I now own an undivided one-half interest in said property, and it is my will and direction that this property be held and not sold during the period of the trusteeship hereinafter provided for or within twenty (20) years after my death. I further will and direct that no loan or encumbrances of any kind be placed upon my interest in this property until a full period of twenty years following my demise."

"ITEM SEVEN

"At the expiration of the Trusteeship herein provided for, fee simple title to my interest in the property hereinbefore mentioned shall be conveyed to Barbara Louise Floyd Mason, my granddaughter, and to my great-great-niece, Virginia Eileen Sellars, as tenants in common and should either be deceased to such person or persons as would be entitled thereto under the laws of inheritance of the State of Georgia."

"ITEM EIGHT

"The Trust herein shall continue for a period of twenty (20) years after my death, at which time my Trustee is directed to make distribution in kind to whomsoever shall under the terms of this Will and the Laws of Inheritance of Georgia may be entitled thereto."

"ITEM SEVENTEEN

"At the expiration of the Trusteeship, any remaining assets in the Trust, after payments of Trustee fees, Professional Fees, and other proper debts of the Trust, shall be distributed in kind to Barbara Louise Floyd Mason, my Granddaughter, and to my Great-Great-Niece, Virginia Eileen Sellars, or to their surviving hiers [sic], share and share alike, Per Stirpes. The foregoing alters and amends Item Eight of my original Will."

Under these items of his will the testator established a testamentary trust for the benefit of his granddaughter Barbara Wood and his great-great niece Virginia Eileen Sellars. The corpus of the trust was the testator's one-half undivided interest in certain real estate which was to be held for twenty years after the death of the testator and then to be distributed to Barbara and Virginia as co-tenants.

Subsequent to the death of the testator, Virginia Eileen Sellars married Walter Roberts, who had three children by a previous marriage. Virginia and Walter had no children of their own. Virginia died intestate in September, 1977, and Walter died in December, 1977, leaving by will his entire estate to his three children, the appellees herein.

Barbara Wood then brought this action for declaratory judgment, claiming that Virginia's share in the trust proceeds has reverted to the testator's estate,

and asking that the excess trust income be distributed annually rather than held for distribution at the expiration of the trust in 1990. The trial court, based on the pleadings and stipulated facts, held that the children of Walter Roberts, the appellees herein, had a vested remainder in the trust proceeds. The trial court further held that all income from the trust corpus would be held and not distributed until 1990. Barbara Wood appeals.

1. The particular language in the will which really gives rise to this dispute is as follows: "At the expiration of the Trusteeship, any remaining assets in the Trust . . . shall be distributed, in kind to Barbara . . . and to . . . Virginia . . . *or to their surviving heirs,* share and share alike, Per Stirpes." (Emphasis supplied.)

The question presented is whether this language, construed with the other provisions of the will, created a vested interest in Virginia or a contingent remainder in the trust corpus contingent upon her survival to the expiration of the trust estate in 1990. The appellant concedes that if Virginia acquired an indefeasibly vested remainder, such interest was descendible through her to her husband who survived her and thence to the Roberts children under the terms of their father's will.

The trial court found that the term "surviving heirs" was used in a substitutionary context rather than in a limitation over, and that Virginia's interest became vested upon her death at which time her heirs could be determined. Appellees, while agreeing with this holding, contend that Virginia's interest became vested upon the death of the testator and that the twenty-year term of the trust was only a postponement of enjoyment and possession of the corpus. We agree with this contention.

We have said many times that the law favors an early vesting of an estate, most recently in *Raney v. Smith,* 242 Ga. 809, 811 (251 SE2d 554) (1979), where it was stated:

"The majority rule, and virtually the unanimous rule, is that a devise of land is presumed to be vested and not contingent. 5 American Law of Property, § 21.3(a); 2 Simes & Smith, The Law of Future Interests, § 573 (2d Ed. 1956). Additionally, there is a strong presumption in favor of early vesting rather than more remote vesting.

Georgia has included these doctrines in Code Ann. § 85-708 which provides, 'The law favors the vesting of remainders in all cases of doubt. In construing wills, words of survivorship shall refer to the death of the testator in order to vest remainders, unless a manifest intention to the contrary shall appear.'

"We have repeatedly held that a remainder will never be construed to be contingent when it can be construed as vested. *Miller v. Brown,* 215 Ga. 148 (109 SE2d 741) (1959); *Gilmore v. Gilmore,* 197 Ga. 303, 315 (29 SE2d 74) (1944); Wills and Administration in Georgia, Redfearn, 1965 Ed. § 177. 'If the estate in remainder be a defeasible fee, the law favors the construction which makes the fee absolute at the earliest time consistent with the intent of the testator, as expressed in the will.' *Sanders v. First Nat. Bank of Atlanta,* 189 Ga. 450, 452 (1) (6 SE2d 294) (1939). Such presumption will give way only if there is a clear intent to make the interest subject to a contingency. *Britt v. Fincher,* 202 Ga. 661 (44 SE2d 372) (1947)."

An examination of the will discloses no manifest intention of the testator which would be contrary to a vesting of Virginia's interest at the time of the testator's death. Since her interest was vested in both the corpus and income of the trust estate, this interest was vested immediately in her husband Walter Roberts upon her death. Code Ann. §§ 113-901 and 113-902. Upon the death of Walter Roberts, his interest passed by will to his three children, the appellees herein. Consequently the appellees have a vested interest in the corpus and income of the trust.

2. The second problem presented to us on appeal is the distribution of the excess trust income. Code Ann. § 108-445 provides as follows: "Where the trust instrument is silent as to the time of distribution of income and the frequency thereof, all trustees of all trusts subject to the laws of this State . . . shall distribute all net income derived from the property comprising such trust at least annually, on a calendar or fiscal year basis." This section does not mandate an annual distribution of the excess trust income. The trial judge found that since a provision of a codicil stated that "the balance of the rental received

[on the property] shall be paid into my estate as set up by the Trust provisions of my will" and since the will provided that the residue of the estate should all go into the trust, that the will was not silent on the distribution of the trust income. As the will spoke to the handling of this income, there is no necessity to distribute it annually, and the trial judge was correct in declaring that the income should be held until 1990 and distributed with the corpus according to the provisions of the will as interpreted by this court.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., Jordan and Hall, JJ., who dissent.*

ARGUED MAY 15, 1979 — DECIDED OCTOBER 23, 1979.

*Annette M. Risse, Toby B. Prodgers,* for appellants.
*Vaughn & Barksdale, F. Jack Lance, C. R. Vaughn, Jr., Turner & Macie, James J. Macie,* for appellees.

JORDAN, Justice, dissenting.

1. The appellants strongly contend that Code Ann. § 85-504 is applicable to a determination of this dispute. I agree.

That section provides: "Limitations over to 'heirs,' 'heirs of the body,' 'lineal heirs,' 'lawful heirs,' 'issue,' or words of similar import, shall be held to mean 'children,' whether the parents are alive or dead; and under such words children, and the descendants of deceased children, by representation in being at the time of the vesting of the estate, shall take."

The testator in this case set up this trust for a term of years, with direction that the corpus be distributed to two named beneficiaries. Therefore, the first estate is the trust estate, *remainder* to Barbara and Virginia. In terms of Code Ann. § 85-504, a remainder is a limitation over. *Lane v. C. & S. Nat. Bank.,* 195 Ga. 828 (25 SE2d 800) (1943). The definition of a limitation over "includes any estate in the same property created or contemplated by the conveyance to be enjoyed after the first estate granted *expires* or is exhausted." *Ewing v. Shropshire,* 80 Ga. 374, 378 (7 SE 554) (1888) (Emphasis supplied.) As the devise

in this case constitutes a limitation over to Barbara and Virginia, use of the word "heirs" is subject to the interpretation of Code Ann. § 85-504, and must mean "children." The Roberts children are not Virginia's children and there is no evidence that she ever adopted them. Virginia's interest, therefore, must revert to the testator's estate.

The Roberts children rely on the case of *Cooper v. Harkness,* 188 Ga. 121 (2 SE2d 918) (1939), wherein it was held that a widow could take the share of her deceased husband despite the fact that she was not his child within the meaning of Code Ann. § 85-504. That case, though, was based solely on the fact that the gift to the husband was not contained in a limitation over as there was no provision for a prior estate before he could take. Here, no one can take before the expiration of the preceding trust estate. Therefore, the problem of determining when Virginia's interest vested is eliminated, because it has reverted.

2. I also agree with the appellant's contention that the early vesting rule should not be applied in this case since a reading of the entire will and especially Item 17 shows a manifest intention of the testator to the contrary. Code Ann. § 85-708. Item 17 clearly provides that at the *expiration* of the trust estate, the corpus would be distributed to Barbara and Virginia "or to *their* surviving heirs." This indicates an intention that neither Virginia nor her heirs would take until the expiration of the trust estate.

Code § 85-708, the "early vesting rule," must be construed in connection with Code § 113-806, the "four corners rule." The tendency of courts to apparently prefer the expedient of applying the "early vesting rule" over the "four corners rule" has been severely criticized by Professor Verner F. Chaffin in his *Studies in the Georgia Law of Decedent's Estates and Future Interests,* pp. 331, 392. He suggested that Georgia courts "have carried the application of this statute to extreme lengths, producing a line of decisions which reach results that could not be anticipated or were perhaps unintended by the donor." He further noted that the early vesting rule was originally designed to avoid the destructibility of contingent

remainders but that Georgia Law now provides that contingent remainders are not destroyed when a prior estate fails. Professor Chaffin concludes that "the preference for a vested construction has little, if any, justification in modern law. It is an archaic relic of an era when contingent remainders were destructible and inalienable; and since these conditions no longer obtain, continued adherence to the doctrine is irrational." Id. at 332.

Applying the "four corners" rule, I conclude that the interest designated for Virginia under the terms of the testator's will was to vest not upon the death of the testator but upon the expiration of the trust estate.

I would reverse the trial court's holding that the appellees have a vested interest in the corpus and income of the trust.